WILLIAM R. WHITE *vs.* WILLIAM S. HADNOT.

*Err. : from the Circuit Court of Autauga County*—Before the Hon. P. T. HARRIS.

———

An action will lie on a judgment rendered by a justice of the peace, after the expiration of a year and a day from the time said judgment was rendered, no execution having issued within that time.

In a statement made, on such action, in the Circuit Court, it having been brought there by appeal, it is not essential that it be averred that no timely execution had issued on such judgment. If any such execution had issued, it would be proper matter of defence.

This case was brought into the Circuit Court by an appeal from the judgment of a justice of the peace. It originated in a warrant by White against Hadnot, to recover the amount of a judgment rendered before a justice of the peace, several years previously. The statement in the Circuit Court sets out the parties, the amount of the judgment, when rendered, and by whom; and alleges that the same is in full force.— There was a demurrer to this statement, which was sustained by the court. This judgment on demurrer, is assigned for error in this court.

PICKENS, for Plaintiff in error.

This was an action of debt on a judgment before a justice of the peace, The only question is, Will debt lie? Of this I conceive there can be no doubt.—*Chitty's Pleadings*, 106, 107—*14 Johnson*, 479—*Toul. Dig.* 459.

If it be said that the judgment should have been revived by *sci. fa.*, I answer that it never was intended that the remedy of *sci. fa.* should be r .ci, ive of the action of debt : *sci. fa.*

will lie ; but the action of debt will also lie.    Even the *sci. fa.* is a new action.

The first process that appears in the cause, sets out that this was a judgment against the defendant, as garnishee.    A judgment of this kind becomes final, if the party should not appear within a certain time.    That judgment was final is to be presumed, unless the defendant should make the contrary appear in his defence.    But the demurrer cannot go back beyond the statement of the case, which stands in the place of a declaration.

PECK, *contra.*

I conceive that we have a right to look into the warrant in this case.    The statement, however formal and lawyer-like it is in the commencement, is in fact defective.    It should have set out the nature and character of the judgment.    Let us suppose—if it were necessary to resort to supposition—that this were a judgment against a garnishee, who had answered that he had specific property in his hands to a certain amount; would debt have lain on such a judgment?    Certainly, it would not.    For although it be a final judgment, yet it is one of a peculiar kind, under the statute, requiring a demand for specific property, &c.    Then it is clear that the party should have set out the character of his judgment.— When we look into the warrant, we find that this was in fact a judgment against the defendant as garnishee.    It must be apparent that a justice of the peace may render judgment on which debt will not lie.    Then when the party resorts to the extraordinary remedy of debt on judgment, he is bound to show that the judgment is such a one as would sustain an action of debt.

PICKENS, in reply.

The statement says the action is founded on a *debt*, arising from a judgment given before H. Brown, a justice of the peace.    The statement sets out a *certain sum*.    Can we then

resort to imagination, and *suppose* that this was a judgment by default, and for specific property? Surely not. You cannot look beyond the statement; but if you could, you could find nothing there to justify the supposition made by the defendant in error.

White
vs.
Hadnot.

By Mr. Justice THORNTON:

This case originated before a justice of the peace, and was a warrant to recover the amount of a judgment, which had previously been rendered by a justice of the peace, in favor of the plaintiff in error, against the defendant. It was brought into the Circuit Court, by appeal, where a statement of the cause of action was made, representing as the ground of claim, a judgment rendered for the plaintiff, on the 12th January, 1828, against the defendant, for the sum of thirty eight dollars and seventy seven cents, which is alleged to be in full force: to which statement there was a demurrer by defendant, and a judgment had thereon against the plaintiff below, who is also the plaintiff in this court. The error assigned is for this judgment on demurrer, and the only question presented is, whether an action lies to recover the amount of a judgment of a justice of the peace.

I have no doubt, that after a year and a day from the rendering of such judgment, an action will lie for it, if within that time, no execution had issued upon the same. This is the doctrine of the common law, as applicable to all judgments. No execution can issue after such lapse of time: but the party must pursue his remedy, by action on the judgment. The *scire facias, quare executio non*, was provided by statute in England, of 13th Edward I. Our statute affording this suit, applies expressly to courts *of record*. Now, if an execution were to issue, after the time aforesaid, no doubt a *supersedeas* would quash it.

We have seen, that that there is no warrant for a *sci. fa.*; and we have a statute preventing a prosecution of the same cause of action by a second warrant therefor.[a] From all

[a] Aik. D. 294, s. 14.

White
vs
Hadnot.

which it follows, that without an action on the judgment in such case, there is no remedy whatever.

The objection was taken to this statement, that it did not contain the negative allegation—that no timely execution had issued on the judgment. Our construction of the statute regulating the trial of cases, brought into the circuit or county courts, by appeal, or *certiorari*, from a justice of the peace, has been such, as to allow great generality in the pleadings. An issue is required to be made up, at the trial, where the sum exceeds twenty dollars; and the cause is to be tried according to the equity and justice of the case. We have never required any very critical accuracy in the statement; any thing proposing an issue, under which the merits of the controversy can be settled, will suffice. Here, the statement shows, that the judgment sued on, was rendered four years at least, anterior to the time of making said statement. We will not presume against the plaintiff, that an execution had issued; nor will we require, that the statement should contain the averment, that none had issued within a year and a day after the rendering of the judgment. Under that statement, as made, an issue might well have been taken, which would have admitted proof of that fact; and if it appeared that an execution was still available to the plaintiff upon the judgment, the justice and equity of the case would demand, that the issue should be found against him.

There was error in sustaining the demurrer.

Let the judgment be reversed, and the cause remanded, for trial upon an issue, as the statute provides.