LANSING *vs.* VAN ALSTYNE.

THIS was an action of covenant, tried at the Herkimer circuit, in September, 1827, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The plaintiff declared upon a lease of 60 acres of land, bearing date the 7th November, 1791, executed by the plaintiff and Abraham G. Lansing to one George Riccard for three lives, reserving an annual rent of $20. The plaintiff averred an assignment to him of all the interest and estate of A. G. Lansing by indenture, bearing date the 19th September, 1812, and that all the estate, &c. of George Riccard in the premises came to the defendant by assignment on the 16th January, 1815, and claimed 7 years rent to be due and in arrear from the defendant on the 1st January, 1823. The defendant pleaded that *all* the estate, &c. of George Riccard did not come to him by assignment *in modo et forma,* &c. and tendered an issue.

On the trial of the cause, the plaintiff insisted that he was entitled to recover without offering any proof, the pleadings admitting (as he contended) his right to recover; and so ruled the presiding judge, who decided, however, that the defendant was at liberty to shew that the estate he had in the premises was less than that averred in the declaration.

The defendant then shewed a recovery in an action of ejectment of *three eighths* of the demised premises, in a suit of *James Jackson, on the demise of G. I. Klock and others,* v. *Barnard Hudson,* in October, 1808, and a writ of possession returnable and returned executed in May, 1809, Hudson being at the time of the suit in possession of the demised premises; that those *three eighths* had been held by lease from the lessors in the action of ejectment from year to year from 1809 until 1819; that the defendant entered into possession of the whole premises demised to Riccard, in 1816,

*In an action of covenant against the assignee of a term, tho' an eviction of three eighths of the estate has taken place, the defendant is not entitled to ask for an apportionment of rent, under a general plea denying his holding as assignee. To entitle a defendant in such case to ask for an apportionment on account of an eviction of part, he must plead the facts specially, and not in bar of the whole action.*

*On an issue tendered by a defendant denying his holding as assignee, the plaintiff holds the affirmative, and must prove the averment in his declaration that the premises came to the defendant by assignment.*

*A new trial will not be granted altho' a judge errs in refusing a nonsuit, if in a subsequent stage of the cause the facts necessary to the maintenance of the action be shewn.*

entering into possession of *three eighths* of the same under the lessors of the plaintiff in the ejectment suit; and that the defendant had obtained a deed in fee to himself of one seventh of the three eighths from one of the lessors of the plaintiff in the ejectment suit, dated in April, 1816.

His honor, the presiding judge, decided that notwithstanding the testimony offered, the plaintiff was entitled to recover the full amount of his claim, viz. seven years rent and interest, and so instructed the jury, who found accordingly; which was now moved to be set aside.

*S. Beardsley,* for defendant, contended that the evidence shewing that the whole estate of the original lessee had not come to the defendant as alleged by the plaintiff in his declaration, the plaintiff was not entitled to recover. The judge manifestly erred in deciding that the plaintiff was entitled to recover without any proof.

*E. Livingston,* for plaintiff. Every fact averred in the declaration was admitted by the pleadings, except that *all* the estate demised to the original lessee had not come to the defendant. This fact was averred in the usual form in the declaration, in pursuance of approved authority; (1 *Chitty,* 483; 2 *Johns. R.* 402;) and the defendant having specially plead, denying the assignment, was bound to verify his plea. (1 *T. R.* 648.) If the defendant wished to have availed himself of the eviction of three eighths of the premises, he should have specially plead the facts as to those three eighths. (2 *Johns. R.* 1 and 402. 4 *T. R.* 617, 620. 5 *Comyn's Dig.* 518. 2 *East,* 575.) Such eviction could not be given in evidence under a plea in bar to the whole action; (2 *Johns. R.* 183; 1 *Chitty,* 505;) and by having omitted to plead specially so as to entitle him to ask for an apportionment of the rent, the defendant cannot object to the verdict.

*By the Court,* SAVAGE, Ch. J. The first question is, who held the affirmative of the issue joined? In my judgment, the plaintiff did. In his declaration, he asserts affirmatively several facts: the making the lease, the transfer to him by his co-lessor, and the assignment to defendant. The defendant

takes issue upon one fact only, viz. the assignment to himself.
This averment, then, is denied, and, of course, the others
are admitted.   But as to this, it seems to me plain that the          Lansing
plaintiff must prove the fact which he has asserted, and which     Van Alstyne.
the defendant has denied to be true.   The judge erred,
therefore, in refusing to  nonsuit the plaintiff.   It has often,
however, been decided, that although the judge errs in refu-
sing to nonsuit a plaintiff, still, if the evidence which ought to
have been given by the plaintiff is given in the course of the
trial, a new trial will not be granted for such error.   That
principle is applicable here.   Proof that the defendant is in
possession of the demised premises is prima facie evidence
that he is assignee.   The plaintiff ought to have given that
proof, if he did not choose to shew the defendant assignee
in any other manner ; yet, as the defendant himself proved
that fact, a new trial must be denied, unless there was some
other error.

The only other question in this case is, whether the evic-
tion of three eighths is a bar to the action ?   This precise
question has been already decided by this court in this very
cause, when the same defence was pleaded and demurred
to.*   The case upon which we then relied, and which is ex-
actly in point, is *Stevenson* v. *Lombard*, (2 *East*, 576.) That

* LANSING *vs.* VAN ALSTYNE. *By the Court*, SAVAGE, Ch. J.   This
is an action of covenant on a lease, dated November 7, 1791, from
John and Abraham G. Lansing to George Riccard, for 69 acres for cer-
tain lives, at a rent of $20 per annum. The declaration states, that
Abraham G. Lansing assigned his interest to the plaintiff, and that the
defendant, on the 16th January, 1815, became the assignee of Riccard,
and claims seven years' rent, due 1st January, 1823, accruing since the
assignment to the defendant. The defendant pleaded, 1. That he is not
assignee of Riccard ; 2. After craving oyer of the lease, which contains a cov-
enant for quiet enjoyment, that before the demise, Jacob G. Klock and others
were seized of three eighths of the premises in fee simple, until the plaintiff
and Abraham G. Lansing disseised them, and, being so seized by their dis-
seisin, demised the tenements aforesaid ; that Riccard entered and assigned,
and upon his assignees, to wit, Abraham J. Maher and others, Jacob G. Klock
and others, entered on the 22d May, 1809, and expelled them from the said
three eighths, and keeps out the present defendant, and this he is ready to

NEW-YORK, May, 1829.

Lansing
v.
Van Alstyne.

was an action of covenant against the assignee. He pleaded an eviction by title paramount of half the premises. To this plea, the plaintiff demurred, and had judgment on the ground that the assignee is answerable by virtue of the privi-

verify, &c.; 3. That the lease (describing it) contained a covenant for quiet enjoyment, and that J. G. Klock and others, on the 22d May, 1809, entered upon Riccard and his assigns, and dispossessed, expelled and disseised them of three eighths, the said Klock, &c. being the owners of the said three eighths, of which dispossession the Lansings had notice, and were requested to put in possession the then assignee, Comfort Eaton, which they refused to do : and further, that the defendant has kept all the other covenants ; 4. That since the date of the lease, to wit, on the 22d May, 1815, Jacob G. Klock and others entered upon the possession of the defendant, with the privity and consent of the plaintiff, and expelled the defendant from his possession ; 5. The fifth plea is like the 4th, except that the expulsion is stated to be from three eighths of the premises ; 6. That after the 16th January, 1815, and before the 1st January, 1816, the defendant offered to pay the annual rents, if the plaintiff would reinstate him in quiet possession of the three eighths, whereof, with the knowledge of the plaintiff, J. G. Klock, &c. had, on the 22d May, 1809, dispossessed Riccard and his assigns, which the plaintiff declined and neglected ; 7. That before the rent became due, mentioned in the declaration, James Jackson, on the demise of J. G. Klock and others, by the judgment of the supreme court, recovered against B. Hudson, the then assignee of Riccard, the premises in question, and afterwards, on the 22d May, 1809, with force and arms entered and expelled him from three eighths, and kept him out, and keeps out the defendant, from the 16th January, 1815, hitherto; 8. That James Jackson, ex dem. J. G. Klock, &c. of the term of of January, 1800, commenced an action of ejectment in the supreme court against Barnard Hudson, tenant of the demised premises, and such proceedings were had that James Jackson, of the term of August, 1808, recovered three eighths of the premises, as by the record more fully appears; and afterwards, on the 13th August, 1808, caused a writ of possession to be issued to the sheriff of Montgomery county, to which the sheriff, in May, 1809, returned that he had caused the same to be executed, as by the record appears, which judgment remains in full force ; by reason whereof, the said James Jackson and others entered into the possession of the three eighth parts of the premises and expelled the said Hudson, and since the 16th January, 1815, keep out the defendant. The plaintiff took issue on the first plea, and demurred generally to all the others. The defendant joined in demurrer. The objections to the *second* plea are, that it does not shew by what title the Klocks entered ; that it is not averred that the defendant was evicted from the whole premises; that it does not shew by what process the defendant was evicted, and that an eviction of a part is no bar to the rent, as it will be apportioned. These same objections, or some of them, are made to all the other special pleas.

ty of estate only, and as to him, rent is apportionable. NEW-YORK, May, 1829.
The plea, therefore, if pleaded to one half the plaintiff's de-
mand, would have been good, but was held bad in bar of the Lansing v. Van Alstyne.
whole action.

The evidence in this case, therefore, is no bar to the action.
Under a proper state of pleadings, it would have been a bar

---

It is well settled that there can be no suspension of the rent without an eviction. (*Bul. N. P.* 177. 1 *Lord Raym.* 370.) An eviction by the lessor, or by a paramount title, is a good bar to the payment of rent. (1 *Saund.* 205, *n. Cowp.* 243.) In the case of *Foster* v. *Pierson*, (4 *T. R.* 617,) the action was covenant and founded upon a breach of the covenant for quiet enjoyment. It was held to be a good assignment of a breach, to state that J. B. P., at the time of the lease made, and at the time of the eviction, had lawful right and title to the premises, and having such lawful right and title, entered. Another objection taken in that case was, that the eviction was not shewn to have been by due course of law; but this was abandoned as untenable. This is cited and approved by Serjt. Williams, 2 *Saund.* 181, *b.*: the contrary was ruled in *Mosse* v. *Archer*, (3 *Mod.* 135.) In *Greenby* v. *Wilcocks*, (2 *Johns. R.* 1,) Spencer, J., who delivered the opinion of the majority of the court, says, " The eviction stated in the declaration does not appear, nor is it averred to have taken place by process of law: covenants for quiet enjoyment and a general warranty extend only to lawful evictions. Some of the cases admit that the action lies for breach of covenant for quiet enjoyment, if the person to whom the right belongs oust the possessor." In *Waldron* v. *Mc-Carty*, (3 *Johns. R.* 473,) Spencer, J. again reiterates the doctrine, that in an action on such a covenant there must be an expulsion from the possession, or a disturbance therein. In *Cortz* v. *Carpenter*, (5 *Johns. R.* 121,) the court say, "The covenant for quiet enjoyment goes to the possession, and not to the title." It appears to be a technical rule that nothing amounts to a breach of this covenant but an actual eviction or disturbance of the possession of the covenantee. In *Kerr* v. *Shaw*, (13 *Johns. R.* 238,) the court refer to the above cases, and say that a judgment in ejectment is not sufficient; there must be an actual disturbance of the possession. Taking these cases together, they shew that to constitute an eviction by a stranger, there must be a disturbance of the possession under a paramount title by due process of law. This must constitute the rule by which to test the sufficiency of the pleas in this case.

The second plea alleges a seisin in fee in Klock, and an expulsion, but not by process of law, and only of three eighths of the premises. It is therefore bad on two grounds: 1. For not shewing *process of law* to warrant the expulsion; and 2. In not shewing title or expulsion only as to *a part*. In *Stevenson* v. *Lambard*, (2 *East*, 580,) it is decided that in debt or covenant against the assignee of the lessee, the action is local and the rent is appor-

to three eighths of the demand. The only point of view in which it could have been received was to shew that the defendant was not assignee, but had some lesser estate as sub-tenant. The evidence does not shew that the defendant's interest was any thing less than the whole term. It does shew that the plaintiff ought not to recover but five eighths of his present verdict; but, as the evidence was not proper-ly received *to shew that fact*, the plaintiff could not be requi-red to controvert it. If the defendant intended to shew an eviction of three eighths, by way of reducing the amount of the plaintiff's recovery, he should have so pleaded. The ev-idence does not support the plea, and the plaintiff is entitled to retain his verdict.

Motion for new trial denied.

tionable. *That was an action of covenant against the assignee ; the defendant pleaded an eviction by ejectment as to one half, to which there was a demur-rer, and the court, after an able argument and upon due consideration, gave judgment for the plaintiff, on the principle that between these parties the rent was apportionable ; and they allowed the defendant to amend, and plead it only to one moiety of the rent.* Upon the principles here laid down, these pleas are all except the fourth bad, and that is bad for another cause : it states a forcible expulsion by Klock, with the privity and consent of Lansing. Sure-ly Mr. Lansing's consent amounted to nothing ; he had no authority to con-sent or dissent. Had the expulsion been *by* the plaintiff, or by those persons as his servants, or by his direction, a different question would have been pre-sented. In *Pendleton* v. *Dyett*, (4 *Cowen*, 584,) the question is fully discuss-ed ; and it is clearly shewn, from a review of the authorities, that an ouster by the landlord excuses from the payment of rent ; but there must be an *ac-tual* ouster from the whole or part of the demised premises. As the pleas stand, they are all bad. The plaintiff is entitled to judgment upon the de-murrer to the 2d, 3d, 4th, 5th, 6th, 7th and 8th pleas. The defendant has leave to amend on payment of costs.