## STATE OF MICHIGAN,

### In July Term, 1843.

#### PRESENT:

HON. GEORGE MORELL, CHIEF JUSTICE,
HON. EPAPHRODITUS RANSOM, ⎫
HON. CHARLES W. WHIPPLE, ⎬JUSTICES.
HON. ALPHEUS FELCH, ⎭

Douglass.
1d179
109 525

## JOHN BYRNE *v.* JACOB BEESON.

A tenant cannot dispute the title of his landlord, nor, by his own act merely, change the tenure, so as to enable himself to hold against his landlord. He cannot, during the continuance of the lease or tenancy, make a valid attornment to a third person without his landlord's consent.

A. complained against B., under the statute of forcible entry and detainer, for holding over possession of certain premises, leased by B. from A., contrary to the terms and conditions of the lease. Proof was offered in defence, that B. was, at the time of the alledged leasing from A., in possession of the premises under a valid and subsisting lease from C. *Held*, that it was competent for either B., the defendant, or C., his landlord, to defend by showing these facts; and this, even though A. claimed title to the premises under an act of the legislature granting the same to him.

A contract by which a tenant is induced to desert his landlord, is corrupt and void; and the person to whom the tenant has attorned, cannot maintain an action upon it.

IN error on certiorari from two justices of the peace for the county of Berrien.

This was a proceeding under the statute " Of forcible entry and detainer," (R. S. 490,) and the act amendatory thereto.   (S. L. 1840, p. 83.)   Beeson filed, before said justices,  a complaint against Byrne for holding over possession, as his tenant, of a certain quarter section of land leased to him, contrary to the terms and conditions of the demise.   Byrne was duly summoned, and appeared to answer to the complaint.   The counsel who appeared for him, claimed also to appear for one Adderly, and to assert his rights in relation to the premises.   On the trial of the complaint,  before the justices and a jury empanelled pursuant to the statute,  the complainant proved that, on the 10th day of March, 1842, his agent, pursuant to his instructions, called upon Byrne who then was, and who, it was admitted, previously had been, in possession of the premises in question, and asked him if he knew that Beeson had purchased the land. Byrne replied that he did. After informing Byrne that Beeson had the land by act of the legislature,  the agent told him that he could  remain on the land at ten cents per month, and Beeson would give him employment six months in the year, and ten days notice when he wished him to quit.   Byrne agreed to comply with these terms.   In this conversation something was said about the claim of one Adderly, and the witness thought Byrne stated that he was there, or came there, under Adderly.  · Due notice to quit the premises was proved to have been given by the complainant.

Proof was offered in defence, that one Adderly was in possession of the land prior to the said 10th day of March, 1842; that, on the 15th day of February, 1842, Adderly leased the premises to him by a written lease ; and that he was in possession under this lease, as the tenant of Adderly,  at the time of the alledged leasing to him by Beeson.   The Court refused to permit these facts to be given in evidence.   The jury found for the complainant, and

the cause is brought before this Court by certiorari on an allegation of error in the decision of the Court below, rejecting the evidence offered on the part of the defence.

*Vincent L. Bradford*, for the plaintiff in error.

*J. S. Chipman & C. Dana*, for the defendant in error.

FELCH, J. delivered the opinion of the Court.   The principle is well settled that a tenant admits the title of the landlord under whom he holds, and cannot attorn to a third person, without the landlord's consent.   *Jackson* v. *Brush*, 20 John. R. 5.   And when the relation of landlord and tenant once attaches, it binds all who may succeed to the possession, through or under the tenant, whether immediately or remotely.   *Jackson* v. *Harsen*, 7 Cow. R. 323.   *Jackson* v. *Davis*, 5 Cow. R. 123.

Byrne's attornment to Beeson could, therefore, have been of no avail, if, at the time it was made, he was the tenant of Adderly, holding possession of the premises under a valid and subsisting lease from him.   Byrne had no right, in such case, to put Beeson into possession; nor could he, by merely promising to pay rent to Beeson, and still continuing in possession, change the rights of Adderly.   The possession was still Adderly's, held through his tenant.   This doctrine is fully asserted by the Supreme Court of the United States in *Willeson* v. *Watkins*, 3 Pet. R. 43.   The Court, speaking of the power of the tenant, say : " He cannot change the character of the tenure, by his own act merely, so as to enable himself to hold against his landlord, who reposes under the security of the tenancy, believing the possession of the tenant to be his own, held under his title, and ready to be surrendered by its termination by the lapse of time, or the demand of possession."   Even if Byrne, while the tenant of Adderly, had given to Beeson actual possession of the premises,

such possession would have been deemed in law a continuation of the tenancy under Adderly, and subject to his rights as landlord.

The complainant founded his right to recover possession of the premises upon Byrne's agreement to hold under him and pay ten cents per month for rent. If, at the time, Byrne had no power to enter into such an agreement, then the complainant could have acquired no rights by, or under it. The evidence offered in defence, tended to show that Byrne had no such power. For, if, at the time when that agreement was made, he was in possession under a valid lease as the tenant of Adderly, we have seen that, by the well established principles of law, he was prohibited from attorning to, or making himself the tenant of any one else, to the injury of his landlord.

But it is contended that the Court below properly rejected the evidence offered on the part of the defence, because, 1. Byrne admitted Beeson's title by attorning to him, and was estopped from afterwards denying it, or setting up an adverse claim in Adderly as his prior landlord. 2. Adderly had no right to come in and show these facts in defence, because he was not a party in the cause.

I am by no means ready to assent to the position that a tenant himself cannot, in any instance, urge in defence of an action of this kind, the insufficiency of his own attornment. When it is admitted that he is the tenant of the plaintiff, he is estopped from denying the plaintiff's right. But he may deny the existence of such tenancy. He may deny the making, or the validity, of the contract by which such tenancy is alledged to have been created. He may deny his sanity at the time it was made. He may alledge that it is vitiated by fraud on the part of the lessor. He may alledge it to have been a corrupt agreement between himself and his pretended lessor, fraudulently to put the latter into possession of the premises, to the injury of his

Byrne *v.* Beeson.

true landlord ; and call upon the court to refuse their aid in carrying it into effect. I can see no reason why he should not be permitted to avail himself of such defence. By his new attornment he has not freed himself from his duties and liabilities to his true landlord ; and such a defence would be but an act of justice to his landlord, and would enure to his benefit. In *Willeson* v. *Watkins*, before cited, the Court say, that " by setting up, or attorning to, a title adverse to his landlord, the tenant commits a fraud as much as by the breach of any other trust." If it be fraud on the part of the tenant, surely, it can be no less so on the part of him who should make use of such means to dispossess the landlord, instead of commencing his suit at law, and trying his legal right to the possession. It is not in an action of this kind that the title is to be tried ; and it is the duty of the tenant, or of any one holding under him, first to restore possession to the landlord, (*Doe ex dem. Knight* v. *Lady Smyth*, 4 Maule and Selw. 347 ;) and then, the law is open to him to try any right he may have in the premises, by a suit brought directly for that purpose. The law will sanction no fraud to evade these salutary principles. In *Morgan* v. *Ballard*, 1 Mass. R. 558, it was decided that a contract by which a tenant was induced to desert his landlord, was corrupt and void ; and that the person to whom he had attorned, could not maintain an action upon it. The object for which the rejected testimony in this case was sought to be introduced, is not stated. If it was designed, in connexion with proof that Beeson knew at the time of the attornment that Byrne held under Adderly, to show a corrupt agreement, having for its object the unlawful dispossession of the landlord, we think it should have been admitted. Its sufficiency would have been a matter for the consideration of the jury. It would have gone to the validity of the contract between the parties, on which all the complainant's right to the pos-

session of the premises was founded.   If the relation of landlord and tenant did not exist between them, or if the contract out of which it was claimed to have arisen, was of such a character that the Court would not have assisted the parties in enforcing it, then the complainant would not have been entitled to recover.

But without reference to this question, we are satisfied that Adderly had the legal right to appear and to set up this defence.   If it were not so, the corruption, and sometimes the ignorance of a tenant, might jeopard, or even destroy the best interests of the landlord.   In actions of ejectment, the real party in interest was always allowed to become a party to the suit ; and we can see no reason why in this action he should not also be heard.   If the tenant was to refuse to employ counsel, or to defend the cause, the landlord's rights being necessarily in jeopardy, he ought to be permitted to assume the defence.    This question arose in *The People ex rel. Quackenboss* v. *Burtch*, 2 John. Cas. 400, which was a proceeding under the act against forcible entry and detainer of the state of New York, and the Court there said, " Those who stand behind the tenant may here, as in ejectment, at common law, and independent of the statute, defend the right."   In that case, as in the one before us, the person seeking to defend, claimed the premises as landlord of the defendant, while the latter had disclaimed his title and attorned to another ; and the Court said that these were facts, which might be tried in the action, and ought to arrest any collusive proceedings between the prosecutor and the defendant.

The fact that Beeson acquired or claimed title to the land, through an act of the legislature of this state, does not change the rights of the parties, so far as the questions here presented for our decision, are concerned.   If Adderly was in possession of the land, occupying through his tenant, and claiming title, an act of the legislature

giving it to Beeson, would give no such paramount title to him, as to shut out Adderly's defence.   It could, at most, merely authorize Beeson to proceed at law to obtain possession of the premises mentioned in his grant, while the other party would have the same opportunity for defence, as in case of a title claimed through any other source. The state, through its legislature, may grant lands ; but, its grant, like that of any other grantor, conveys only the title which the state actually possessed in the premises. If the tenant held by prior title from the same source, or by better title from another, or by mere possession when the state had no right or interest, it would supersede a grant thus obtained.   So far as the trial of the title is concerned, we see nothing in the nature and source of his title, to take the complainant's case out of the general rule of law.

We are of opinion that the justices erred in rejecting the testimony offered in defence.   The judgment below must, therefore, be reversed.

*Judgment reversed.*