## Van Rensselaer's Executors *vs.* Gallup.

The substance of an issue of fact is all that need be proved on the trial. Immaterial and impertinent allegations need not be proved at all; and averments of time, place, quantity and value, need not be proved precisely as laid.

Averments inserted in a declaration to show the amount of damages need not be proved to the extent of the statement of them.

In covenant against the assignee of the lessee, for non-payment of rent, the declaration alleged that *all the estate* of the lessee in *the premises leased,* had come to and vested in the defendant by assignment. Issue being joined upon this averment, *held* that the point of such issue was whether the defendant was assignee of the *whole of the estate* of the lessee in *any part* of the land; and it being proved that he was lessee of the whole estate in a part only, *held further,* that there was no variance, and that the plaintiffs could recover such part of the rent reserved as the defendant was liable to pay in respect to the part of the premises held by him.

The apportionment of rent reserved in a lease or grant, among several assignees of the lessee, must be according to the *value* of the several parts held by each, and not according to the *quantity* or number of acres. WHITTLESEY, J. dissented. .

Where in a lease in fee, there was a reservation of rent, among other things, of one day's service with carriage and horses, payable at a particular day in each year; *held* that no demand of performance was necessary before bringing an action for a default. WHITTLESEY, J. dissented.

COVENANT, tried at the Albany circuit in February, 1845, before PARKER, Cir. J. The declaration set out a conveyance in fee, dated the 29th day of February, 1790, by Stephen Van Rensselaer, now deceased, to Philip Bater, of certain premises in the conveyance mentioned, reserving to the grantor, his heirs, &c. an annual rent of 25 skipples of good merchantable winter wheat, and four fat fowls, to be delivered at the mansion house of the grantor, and one day's service with carriage and horses ; said payments to be made on the second day of January in each year; that Bater entered, and that afterwards, in the lifetime of Stephen Van Rensselaer, *all the estate,* right, title, and interest of the said Bater *of, in and to said premises,* by assignment thereof, legally came to and vested in the defendant; that said S. Van Rensselaer afterwards, on, &c. died, and that the plaintiffs are his executors. The declaration pro-

ceeds to claim, in the usual form, the rent which accrued in the lifetime of the testator, and while the defendant was assignee, for seven years prior to the second day of January, 1839, being 175 skipples of wheat, 28 fat fowls, and seven days' service.

Pleas, 1. That the indenture was not the deed of Bater; 2. That *all the estate*, right, title, and interest of Bater, *in and to the premises* mentioned in the declaration, *did not*, by assignment, legally come to or vest in the said defendant in manner and form, &c.; concluding to the country.

On the trial the plaintiffs proved and gave in evidence the conveyance to Bater, as mentioned in the declaration. The premises were described as lot No. 829, in the manor of Rensselaerwick, containing one hundred and fifty-five acres of land. The plaintiffs proved that the defendant had lived on the Bater farm about twenty years, but that about twenty acres of the farm was not in his possession, but was in the possession of another person under a conveyance thereof from the defendant's grandfather. A witness on behalf of the plaintiffs testified that he had calculated the amount due on the one hundred and thirty acres which, for the purpose of the calculation, it was assumed was held by the defendant. He had ascertained the price of wheat at the day of payment in each year, and had computed the interest on it from the time it became payable. He estimated the service at $2 per day. The aggregate amount was $146, of which $17 was interest.

The plaintiffs having rested, the defendant moved for a non-suit on the following grounds; 1. That there was no evidence that the defendant occupied the premises to the extent of 130 acres for which the rent had been computed; 2. That there was no evidence that the defendant was the assignee of Bater, or that he held under that title; 3. That there was a variance between the declaration and the proof respecting the quantity of land of which the defendant was assignee; and 4. That no demand of the day's service had been proved. The motion was denied and the defendant excepted.

The circuit judge decided that upon the facts proved the plaintiffs were in law entitled to recover $146, and that no

demand of the day's labor was necessary. The defendant then desired the judge to leave to the jury the question whether the defendant occupied to the extent of 130 acres, for which the rent had been estimated, and also whether he was assignee of Bater, or had held in any manner under the plaintiffs' testator. The judge declined to submit any question to the jury, but held, that, as the facts were uncontradicted, the plaintiffs were entitled in point of law to recover the sum mentioned, and that interest had been properly included in the amount. The defendant excepted. Verdict for the plaintiffs for $146. The defendant moves for a new trial on a bill of exceptions.

*R. W. Peckham,* for the defendant. 1. There is a fatal variance between the declaration and the proof. Issue is joined upon the precise question whether the defendant was assignee of the estate of Bater in the whole of the land granted by the elder Van Rensselaer to him. That he was such assignee of the whole was not pretended at the trial. It is perfectly well settled in the English courts that the plaintiffs cannot recover under such a declaration without showing the defendant to be assignee of the whole land. (*Hare* v. *Cator,* Cowp. 766; *Curtis* v. *Spitty,* 1 *Bing. N. C.* 756.) 2. There was no evidence that the defendant was the assignee of Bater. It is true he was proved to be in possession of a part of the farm, but no connection between that possession and the title of Bater or of the plaintiffs' testator was shown. Possession is *prima facie* evidence of ownership, but it is no proof that a party is the assignee of a particular person, or that he holds under any given title. 3. If there was any evidence that the defendant was assignee, the judge erred in not submitting the question to the jury. 4. There should have been a demand of the day's service to enable the plaintiffs to recover for it.

*C. M. Jenkins & N. Hill, Jr.* for the plaintiffs. The substance of the averment in the declaration is that the defendant was the assignee of Bater, and that he stands in such a relation as to render him liable on the covenants in the lease.

The words " all the estate" in the declaration do not refer to the quantity of land, but the *estate* in the land which the defendant had acquired by the assignment. They are inserted in these cases to show that the defendant is not an undertenant, who is not liable to the lessor for rent. The fact of the defendant being assignee of the lessee's estate determines his liability for rent, and the quantity of land he holds determines the extent to which he is liable. As to the latter, the rules of pleading do not require the parties to be precise or accurate. It is like other cases of quantity, amount or value. The allegation must be large enough to cover all the plaintiffs can prove, and they then recover to the extent which the proof warrants. The traverse in the plea being in the exact words of the averment, can only put in issue the substance of the averment, which is that the defendant was assignee of the estate. The defendant cannot make two issues by merely traversing the plea—that he was not assignee, and that he does not hold *so much* land under the demise as is stated in the declaration. The general averment, that the defendant is assignee, is allowed because the plaintiff is not presumed to be cognizant of the defendant's title. If he were claiming as grantee of the lessor or assignee of a reversion, he would be bound to set out his own title specially and with accuracy. (1 *Doug.* 182 ; *Platt on Cov.* 483 ; *Steph. on Pl.* 82, 83, 300 ; 1 *Vent.* 276 ; 2 *Wend.* 561 ; 1 *Ch. Pl.* 114, ed. 1840 ; 5 *B. & A.* 399 ; 4 *T. R.* 75 ; 1 *Saund.* 112, *note* (1 ;) 2 *East*, 575 ; *Bac. Ab. Rent M.* 3 ; 22 *Wend.* 121 ; 1 *Cowen*, 671 ; 1 *B. & B.* 531 ; 4 *M. & S.* 349 ; 5 *Barn. & Cress.* 479.) The cases of *Hare* v. *Cator*, and *Custis* v. *Spitty*, have not been followed in this country, and they are contrary to the older English decisions, prior to the revolution. In *Hare* v. *Cator* it is impossible to say from the statement of the case that this question arose.

No demand of the day's service was necessary. (*Gilb. on Rents*, 141, 142; *Hob.* 331.) The evidence that the defendant was assignee was, uncontradicted, sufficient to charge him in that character. Possession is the usual evidence given in such

cases, and as the defendant is cognizant of his own title, if he entered or held otherwise than under the conveyance to Bater, he could have shown it.   As the case stood, there was nothing to submit to the jury.   (*McKeon* v. *Whitney,* 3 *Denio,* 452, 454; *Kelly* v. *Jackson,* 6 *Pet.* 631, 632; *Cowen & Hill's Notes,* 308, 9.)

BEARDSLEY, Ch. J.   This is an action of covenant for rent claimed to be due from the defendant, as assignee of an estate demised by the plaintiff's testator to Philip Bater in 1790.

The defendant pleaded two pleas : 1. That the indenture mentioned in the declaration was not the deed of Philip Bater. Upon this plea no question of law arose at the trial, and it calls for no remark whatever.   2. It is alleged in the declaration that *all the estate, right, title and interest* of the said Bater, *of, in and to the said demised premises with the appurtenaces,* by assignment thereof, legally came to and vested in the defendant.   In answer to this allegation the defendant, in his second plea, says, " that all the estate, right, title and interest of the said Philip Bater of, in and to the said demised premises, or the appurtenances"—" did not by assignment thereof, legally come to or vest in the said defendant in manner and form" as alleged by the plaintiffs.

Whether the defendant was assignee of any part of the farm demised to Bater, was made a question on the trial, but the proof clearly showed that, if assignee at all, he was assignee of a part only and not of the whole of said farm.   Upon this the defendant based his objection that there was a fatal variance between the allegation in the declaration as to the quantity of land of which the defendant was said to be assignee, and the proof adduced to support it, the allegation being that the defendant was assignee of all the land demised, whereas the proof showed he was assignee of a part only.   The judge held the variance not essential, and this is the first point to be disposed of.

On the trial of an issue of fact its *substance* is all that need be proved : immaterial and irrelevant matter, although within

the terms of the issue, may be disregarded, and whether proved or disproved, the verdict should be the same. (1 *Phil. Ev.* 200, 205; 1 *Stark. Ev.* ed. 1840, *p.* 430, 431, 443, 454; 1 *Greenl. Ev. 2d ed.* §§ 56, 9, 60, 3.)

Allegations of time, place, quantity, quality and value, are, in general, immaterial, and need not be proved precisely as laid in the pleading. (1 *Greenl.* § 61.) In these, as in many other respects, a strict identity between the allegations and the proofs is not required. "Hence it is, that an artificial and legal identity, as contradistinguished from a natural identity, must be resorted to as the proper test of variance; that is, it is sufficient if the proofs correspond with the allegations in respect of those facts and circumstances which are *in point of law*, essential to the charge or claim." (1 *Stark. Ev.* 431.) Mr. Phillips, in his treatise on evidence, (*vol.* 1, *p.* 205,) states the principle in this form: "Immaterial averments need not be proved. It is a general rule that a variance between the allegation and the proof will not defeat a party, unless it be in respect to matter which, if pleaded, would be material. If the variance be in respect to a matter not essential to maintain the action or the plea, it is of no importance." To the same effect is the pointed remark of Mr. Greenleaf. He says, in § 63, (*supra*,) a variance "may be defined to be a disagreement between the allegation and the proof, in some matter, which, in point of law, is essential to the charge or claim." (*See also Cowen & Hill's Notes to* 1 *Phil. Ev. p.* 491; *May* v. *Brown*, 3 *B. & C.* 113, *per Abbott, C. J.*)

This being the rule, let us next see what part of the matters embraced within the terms of this issue were material to the right of action.

It should here be observed that this inquiry is limited to the question of what is in strictness indispensable to the maintenance of the action, and has no reference to what may be merely relevant to the amount of damages.

In form, two distinct facts are embraced in this issue, and which present these questions: *First*, was the defendant assignee of *all the estate* of the original lessee, Bater? And

*secondly,* had the defendant such an estate in *all the land* demised to Bater ?

The first of these questions has reference to a point which is vital to the right of action, for unless the defendant was assignee of all the estate of Bater—that is, of an interest in the demised premises which, in point of duration, was commensurate with his, he was not bound by the covenants in the lease, and this action could not be sustained. The estate of Bater was a fee, and to make the defendant liable he also must have had a like estate. In this respect a legal identity must exist. An under tenant of the original lessee is not responsible on such covenants for the plain reason that he is not assignee of the whole term. So rigid is this rule that if the estate of the under lessee is for a single day short of that limited by the original lease, he cannot be sued on any of the covenants contained therein. In such case, there is neither privity of estate or of contract between the original lessor and the under lessee, and no action founded on any covenant contained in the original lease, can be maintained by one of them against the other. (*Platt on Cov.* 485 ; *Com. Land. & Ten.* 277 ; *Arch. Law of Land. & Ten.* 70, 71, 146 ; *Holford* v. *Hatch,* 1 *Doug.* 184 ; *Earl of Derby* v. *Taylor,* 1 *East,* 502.) It is not sufficient in declaring against a party as assignee, to allege that the *tenement* demised came to him by assignment ; it must be shown that he was assignee of the *term* created by the lease, and had that, and not a different, estate in the tenement demised. (*Com. Land. & Ten.* 481 ; *Huckle* v. *Nye, Carth.* 255.) The first point involved in this issue was therefore material to the right of action, for the plaintiffs could only succeed by showing that the defendant was assignee of the same estate which Bater acquired by the original demise—that is, an estate in fee.

The next question is whether the plaintiffs were bound to prove that the defendant was assignee of *all the land* demised to Bater, for this is the second point embraced in the issue as formally joined between the parties. Now, it is plain, this was not essential to a right of action against the defendant on Ba-

ter's covenant to pay rent, for if assignee of all the estate in a *part* only of the demised premises, the defendant was as much subject to an action on the covenant for his proportion of the rent, as he would have been if assignee of the whole of said premises. ( *Van Rensselaer* v. *Bradley*, 3 *Denio*, 135.) The quantity and value of the land held by the defendant as assignee, may be material on the question of damages, but not to the right of action. That is as perfect where the defendant is assignee of the whole estate in a hundredth part of the land demised, as when such assignee of the whole of it, It was not, therefore, material to prove the second point embraced in the terms of the issue, to the full extent stated in the declaration, for by showing the defendant to be assignee in fee, of a part only of the demised premises, a right of action was established, and, consequently, the substance of the issue must have been proved. " A party does not make an issue upon the substantial matter to be tried by the jury bad, merely because he includes in it something of total surplusage and immateriality." ( *Per Tindal, C. J. Parmer* v. *Gooden*, 8 *M. & W.* 894.) The substantial matter here to be tried by the jury was, whether the defendant was assignee, for the entire term, of the whole or any part of the demised premises, and the issue upon this point was not vitiated because, in form, the allegation in the declaration was that he was assignee of the whole of said premises. It was an allegation of quantity, which is rarely material, and not more so here than it would be in an action of ejectment or assumpsit, where quantity could hardly, in any way, be made essential.

Where suit is brought by a person as assignee, he sets forth the particulars of his right, for he is privy to them. But where suit is brought against one as assignee, a general form of declaring is allowed, for the plaintiff, being a stranger to the defendant's title, cannot be expected to set it out with particularity; and the fact lying peculiarly within the knowledge of the defendant, he cannot be misled or prejudiced by any statement as to the extent of his interest, however general and indefinite

it may be. (1 *Ch. Pl.* 269, 401, 2; 1 *Saund.* 112, (1); *Comyn. Land. & Ten.* 479, 480.)

The form of declaring in the present case, to wit, that the defendant was assignee of all the estate of the original lessee of, in and to the demised premises, is that laid down by legal writers of approved authority. (*Platt on Cov.* 482; *Arch. Land. & Ten.* 181; 1 *Saund.* 112, (1); 1 *Ch. Pl.* 402; 2 *id.* 552, *c.*) It is found in numerous reported cases; (*Holford* v. *Hatch, supra; Stevenson* v. *Lambard,* 2 *East,* 575; *Merceron* v. *Dawson,* 5 *B. & C.* 479; *Norton* v. *Vultee,* 1 *Hall,* 384; *Armstrong* v. *Wheeler,* 9 *Cowen,* 88, 89; *Lansing* v. *Van Alstyne,* 2 *Wend.* 561;) although in some few the averment is that the defendant was assignee of a part, and not of the whole, of the demised premises. (*Wollaston* v. *Hakewill,* 3 *M. & G.* 297; *Van Rensselaer* v. *Bradley, supra.*)

This general form of declaring is not only recommended by legal writers as proper wherever the assignee is liable to be sued for a part or the whole of the rent, but it seems to have gone into general use in such cases. Nor is direct authority wanting for the position that a plaintiff may recover on such an averment, although the defendant was in fact assignee of a part only of the premises. (*Lansing* v. *Van Alstyne, supra, and cases there referred to.*) In a note to 2 *Chit. Pl.* 252, *e.,* it is said, this form of declaring "suffices, though the defendant be assignee of part only of the premises." Reference is there made to the case of *Merceron* v. *Dawson,* (5 *B. & C.* 479.) See also *Tapley* v. *Wainright,* (5 *B. & Adol.* 395,) that in principle the issue was maintained by the plaintiffs if they showed that the defendant was assignee of but a part, and not the whole of the land demised. The substance of the allegation in the declaration, on which issue was joined was, that the defendant was assignee in fee, of some part, more or less, of the demised premises, and whatever beyond this, was in terms, alleged by the plaintiffs, was surplusage, but *utile per inutile non vitiatur.* (*Broom's Legal Maxims* 82. And see *Carrick* v. *Blagrove,* 1 *B. & Bing.* 531; *Jones* v. *Clayton,* 4 *M. & S.* 349; *Denn* v. *Purvis,* 1 *Burr.* 329, 330; *Garidner*

v. *Croasdale,* 2 *id.* 904 ; *Spilsbury* v. *Micklethwaite,* 1 *Taunt.* 146.) It is insisted, however, by the counsel for the defendant, that the cases of *Hare* v. *Cator,* (*Cowp.* 766,) and *Curtis* v. *Spitty,* (1 *Bing. N. C.* 756,) are in conflict with the conclusion at which we have arrived.

*Hare* v. *Cator* was an action of covenant for rent arrear, in which the declaration alleged that the defendant was assignee of all the estate in certain premises, demised by the plaintiff to Lord B., upon which allegation issue was taken by the defendant. The report of the evidence in this case, as given in Cowper, is confused and obscure, but every feature of it, material to the present question, is stated in a few words by Bailey, J. in the late case of *Merceron* v. *Dawson,* (5 *B. & C.* 479.) In speaking of *Hare* v. *Cator,* the learned judge said, " It there appeared that Lord B., tenant for life, with power to lease, demised certain premises in *Kent,* and others in *Surrey,* to the plaintiff at a peppercorn rent, the plaintiff redemising them to Lord B. at an annual rent of £500. The defendant afterwards purchased the premises in *Kent,* but not those in *Surrey,* and did not take an assignment of the lease from the plaintiff to Lord B. The plaintiff brought covenant for the rent. The defendant there never was assignee of the interest in respect of which the plaintiff claimed the rent, for it was claimed in respect of the term which never was assigned, and the rent was issuing out of two distinct estates, one of which never came to him." The court held that the plaintiff could not recover, a conclusion which, upon these facts, is altogether irresistible. The defendant was sued as assignee of the *estate* created by the lease to Lord B.; but that lease had not been assigned to the defendant, and he had no interest in the leasehold term. His right to the land, in which the term existed, was future and reversionary, to take effect in possession and enjoyment at the expiration of the leasehold term, and not before. The averment that he was assignee of the leasehold estate was not supported by the evidence, and there was no ground on which the plaintiff could possibly recover. The correctness of the decision in that case would seem, therefore, to admit of no doubt,

although I cannot so readily yield to the reason given for it by the court, as stated by the reporter. But there was no written opinion in the case, and the court may have been misapprehended. At all events, the decision being obviously correct, the views expressed by the court cannot make it an authority for a case in which the facts are, in all essential respects, dissimilar.

*Curtis* v. *Spitty* was an action of debt, not covenant, on which ground it was urged on the argument to be inapplicable to the present case. Chitty says, " an action of debt is not sustainable against the assignee of *part* of land demised," although he " may be sued in covenant." (1 *Chit. Pl.* 125, 133.) For this, *Curtis* v. *Spitty* is referred to by him; but I am unable to see that that case was decided on any such distinction. Nor, in fact, does the distinction exist, for debt as well as covenant lies against the assignee of a part of demised premises. (*Comyn's Land. and Ten.* 425; *Gamon* v. *Vernon,* 2 *Lev.* 231; *S. C. Sir T. Jones,* 164; *Arch. Civ. Pl.* 64.) Littledale, J. is explicit on this point; for in *Merceron* v. *Dawson,* (*supra,*) he said, " Either debt or covenant will lie for rent against the assignee of a part of an estate." The suggested distinction between debt and covenant will not, therefore, relieve us from the case of *Curtis* v. *Spitty,* as a direct adjudication in favor of the defendant. That case, however, was obviously decided on the mere force of *Hare* v. *Cator,* as a supposed authority in point, the court at the same time expressing great doubt as to the accuracy of the decision made. But the case was not in a condition to admit of review, on which ground the court thought proper to abide by what was regarded as a prior adjudication on the same question. In speaking of the decision in *Hare* v. *Cator,* Tindal, C. J. said : " We do not think ourselves authorized to overrule it, *where the party who is to be affected by our determination has no opportunity of reviewing our decision."* I cannot understand the facts in the case of *Hare* v. *Cator,* as they appear to have been understood by the court of common pleas in deciding *Curtis* v. *Spitty.* The former seems to me to have been a case in which the

Van Rensselaer's Executors v. Gallup.

defendant was not assignee of any part of the land demised, *for the term of that demise,* while in the latter case the defendant was obviously such assignee of a *part* of the demised premises. *Hare* v. *Cator* is therefore inapplicable to the case now before us; and, in my judgment, *Curtis* v. *Spitty* should not be followed. If I am not greatly mistaken the authorities already referred to and the views suggested, clearly show that the plaintiff in this cause maintained the issue on his part, if the fact was proved that the defendant was assignee of part of the demised premises. Such evidence showed a good right of action against the defendant, and proved the substance of the issue between the parties. I therefore think there was no error in the decision of the judge at the circuit on this point.

But there are other questions in the case now before us.

The original lease to Bater, which was given in evidence, states the quantity of land demised to him at one hundred and fifty-five acres, but this can hardly be regarded as any evidence of what the quantity really was; it is all, however, that the bill of exceptions shows on that point. It appeared that about twenty acres of the demised premises were owned by a third person, so that the defendant may have been assignee of some one hundred and thirty-five acres. The proportion in *quantity,* which the land owned by the defendant bore to all the land demised to Bater, was of no moment except as a means of ascertaining the proportionate *value.* Rents are apportioned according to value and not according to the number of acres. (*Van Rensselaer* v. *Bradley, supra.*) Upon the point of value no evidence whatever was given in this case. I cannot therefore agree with the judge at the circuit in holding as matter of law, that the plaintiffs were entitled to recover $146, the amount stated by a witness as due on one hundred and thirty acres of the demised premises. The amount due would necessarily depend on the proportionate value of the part of which the defendant was assignee, there being no evidence that the amount to be paid on his part had ever been adjusted by agreement between the parties in interest. I see no data in the case before us upon which the defendant's share could be determined

as matter of law, and very little to aid the jury in ascertaining it as a matter of fact.    Possibly there was enough to have upheld a verdict if the amount had been determined by the jury, but the judge refused to submit the question to their decision, in which, I think, he clearly erred.

And upon the question whether the defendant held as assignee of the estate demised by the plaintiff's testator, or as absolute owner, the evidence, at best, is exceedingly vague and inconclusive.    It is not unlikely that the bill of exceptions omits to show fully what was proved in this respect, or sundry things may have been taken for granted, which do not appear in the papers before us.    I do not dwell on this feature of the case, for there should be a new trial on the ground of misdirection as to the amount of damages; and on another trial it is probable the fact, that the defendant held as assignee of the estate of the lessee will be placed beyond all doubt.    In its nature it would hardly seem probable there can be any real difficulty on such a point.

The plaintiffs were entitled to interest, as was held in the case of *Van Rensselaer's Ex'rs* v. *Jewett,*(a) decided at January term last.    No demand of the day's service was requisite; it should have been performed on the day named in the lease for the payment of the rent, for that is what the covenant required.

On the single ground already stated there should be a new trial.

McKissock. J. concurred.

Whittlesey, J.    I concur with the chief justice in his conclusion that a new trial should be granted in this cause, though I cannot agree with him in the position by which that conclusion is reached.    There was an original demise or grant of one hundred and fifty-five acres; the defendant is sought to be charged as the assignee of one hundred and thirty acres, and

(a) *Ante, p.* 135.

Van Rensselaer's Executors *v.* Gallup.

the amount of rent due for that quantity of land is computed. It may be questionable whether the occupancy by the defendant of this quantity is so clear as to justify taking the case from the jury, and in this the judge may have erred. As the defendant did not possess the whole quantity of land embraced in the original lease, he is liable to pay only a proportionate part of the rent. In other words, it is a case for the apportionment of rent. A certain sum is testified to as being the amount of rent due for this one hundred and thirty acres, but the principle upon which this sum is reached is not stated. We do not know whether the apportionment was made according to the value of the different parcels or according to the quantity of land. And I cannot perceive that any question upon the principle of apportionment is raised by this bill of exceptions. If it is however properly raised, it presents a question as applicable to a case like the present, of no little practical difficulty and embarrassment.

There may be a variety of circumstances to render an apportionment of rent proper. One has a rent charge and a portion of the land out of which it issues comes to him by operation of law, the rent charge is apportionable. So of a rent service—a portion of the land comes to the owner of the rent service either by conveyance or operation of law—the rent is to be apportioned. In such a case, the owner of the entire rent service is himself liable to pay that portion growing out of the land subsequently coming to him, and he should have only the balance from the tenant holding the other portion. Here there is no difficulty in making the apportionment according to the value of the different parcels, for the question is wholly between the parties to the suit, and the only question is, how much shall be deducted from the whole rent on account of the occupancy of part of the premises by the plaintiff? The defendant should pay only according to the proportional value of that which remained to him, and there is no practical difficulty in ascertaining this through the intervention of a jury in that suit, it not being necessary to call in any other party for the purpose of attaining justice. The cases in which the doctrine of

apportionment has been discussed and applied, have been mostly of that character—that is, cases where the lessor has become liable to pay a portion of the rent, or had conveyed a portion of the reversion. Such were the cases of *Hodgkins* v. *Robson*, (1 *Vent.* 276 ;) *Farley* v. *Craig*, (6 *Halst.* 262 ;) *Gillespie* v. *Thomas*, (15 *Wend.* 464;) *Nellis* v. *Lathrop*, (22 *Id.* 121 ;) *Stevenson* v. *Lambard*, (2 *East's Rep.* 575 ;) *Cole* v. *Patterson*, (25 *Wend.* 456.) There are other cases of apportionment on account of fractions in time, and where an entire rent has been subdivided by the lessor into distinct portions, the doctrines applicable to which would shed no light upon the present question. In this case, an apportionment of the rent is made necessary by a conveyance or assignment of a part of the premises by the lessee or grantee. This defendant is sued as assignee of a part of the premises and is only liable for the rent of the part held by him. If he is liable according to the relative value of his portion and not according to quantity, it will be necessary on the trial to value all the portions into which the premises conveyed by the original grant may have been divided. If these portions are numerous and owned by persons not parties to the suit, such value will not be binding upon the owners who are not parties. There is, therefore, in this case, a practical difficulty existing which did not arise in the other cases before referred to, in making an apportionment in a suit at law among several parcels according to value, the owners of all which parcels are not before the court. Such apportionment comes only within the scope of a suit in equity where all may be brought in.

This land was originally leased in 1790, when it was probably wholly unimproved, and one acre of about equal value with another. If a part has since been improved by cultivation, or the erection of buildings, and an apportionment is to be made according to value, when is to be the time of valuation— the date of the original grant, or of the assignment, or the time of trial, or what other time ? The rent was an entire thing fixed in 1790 for one hundred and fifty-five acres. Is not this the proper time to fix the value with reference to an

apportionment? and if no value is fixed by proof will it not be assumed that each acre is of equal value? If the person holding a part by assignment from the tenant, is liable to pay rent according to the *quantity* held by him, rather than according to the *value*, there is no difficulty in reaching it by a suit at law however much the original grant may have been subdivided; as it would only be necessary then to show the quantity held, to determine the amount of rent to be paid. This would at least be a convenient rule, and capable of being practically applied in a suit at law, which is certainly not the case with the other principle of apportionment. I think at least it may be assumed that the different acres are of the same value in a case like this, unless the question of value is raised by the pleadings. This possibly may be done by the plaintiff averring that the portion occupied by the defendant is of greater relative value than the rest, with a view to obtain from him a greater portion of the rent, or the defendant pleading that the portion occupied by him is of less relative value in order to escape with the payment of a smaller portion of the rent. In this case at least, there is nothing in the pleadings or proofs to raise the question of relative value, and we should be justified in assuming that all the acres were of equal value.

The old cases in relation to apportionment, none of them, present or suppose a state of facts like those existing here. None of them are based upon a conveyance by a tenant of a portion of the demised premises, with a view to the rule by which the assignee of the tenant should be governed in the rent payable by him. I find, however, in *Viner's Abridgment,* (*Apportionment B. pl.* 1,) the following: "If there be lord and tenant of twenty acres by fealty, and 10*s*. rent and the tenant aliens two acres in fee, the alienee shall hold the two acres *pro particula,* by the statute *quia emptores terrarum,* and the rent shall be apportioned according *to the value.*" This is the only dictum where I can find that in such a case the rent is to be apportioned according to value and this does not inform us whether it can be done in a suit at law. In *Van Rensselaer* v. *Bradley,* (3 *Denio,* 135,) it

was held by *Jewett, J.* that the apportionment should be ac-
cording to value; but this was *obiter* and not necessary to the
decision of the case. It may not be considered as necessarily
arising in the case now before us, but I cannot think that a
new trial should be granted, because there should have been
an apportionment according to value.

I think, however, there should have been a demand of the
performance of the day's service with horses and carriage, point-
ing out the place of performance, before a suit could be main-
tained for that part of the plaintiff's demand. My opinion
upon this proposition was given at the present term in *Van
Rensselaer* v. *Jones*, and the argument need not be repeated.
For want of such demand of performance there should be a
new trial.

New trial ordered.