Van Rensselaer agt. Layman and Benjamin.

---

## SUPREME COURT.

STEPHEN VAN RENSSELAER agt. JAMES LAYMAN and HIRAM BENJAMIN.

Where two persons had become joint assignees of a lessee, who held under a lease in fee, subject to an annual rent, and the lessor was ignorant of the fact wnether they had divided the premises between themselves, and, if so, in what proportions, and brought his action against both of them for the whole rent due, and alleged in his complaint that he did not know how, or in what proportions the defendants held such lands, and prayed judgment against the defendants jointly, if it should turn out that they were jointly liable, and severally, and for a proper apportionment between them, if it should appear that they held in severalty; and, after issue joined, it was proved that they held in severalty.

*Held*, that the plaintiff was entitled to recover against each defendant the rent due for the land so held by him.

In such case, the action, under the Code, is a substitute for a bill in equity, and and not for a suit at law; the object being to obtain a discovery by an examination of the defendants severally as witnesses, of the extent and relative value of the interest of each defendant in the lands leased.

*Albany Circuit, Sept.* 1853.

C. M. JENKINS, *for plaintiff.*

L. & N. W. FALK, *for defendants.*

PARKER, Justice. On the 6th of May, 1794, a lease in fee was executed by Stephen Van Rensselaer, deceased, to Sylvanus Cooper and Enoch Cooper, for 261 acres of land in Rensselaerville, known as Lot No. 241, in which was reserved an

annual rent; and, on the 15th January, 1808, the said Van Rens-
selaer leased to Hezekiah Watson and Job Sisson 220 acres of
land in the same town, known as Lot No. 261, with a like
reservation of rents. The plaintiff has become entitled, by de-
vise, to the interest of the lessor in both these leases.

In 1848, the defendants purchased and became the assignees
of 100 acres of Lot No. 261, and 26 1-2 acres of Lot No. 241,
and on the 12th day of March, 1848, the defendants divided
said parcels between themselves, by executing quit-claim deeds
to each other, whereby said Layman became owner of 47 47-
100th acres of Lot No. 261, and 16 1-2 acres of Lot 241, and
Benjamin became the owner of 52 53-100th acres of Lot 261,
and about 10 acres of Lot 241; and since that time the de-
fendants have owned and possessed such divided portions in
severalty, until some time in the spring of 1852. The rents
due on such portions from 1848 to 1852, inclusive, amount to
$124.14, and the plaintiff claims to recover one half that sum
against each defendant.

On these facts it is clear that a separate action might have
been maintained against each of these defendants, to recover
the rent upon the lands that had thus come to him as the as-
signee of the lessee ; but the defendants' counsel contends that
a recovery against each defendant separately cannot be had in
this action against both defendants.

This is not a case of uniting actions against different persons
upon several contracts. The plaintiff's right to recover de
pends upon privity of *estate*, and not upon privity of *contract*.
(2 *Barb. S. C. R.* 644.) Each defendant is liable to the extent
of his proportionate share of the land leased, because he has
become assignee of such land.

If this action is to be regarded only as a substitute for an ac-
tion at law, it will not admit of several judgments against the
defendants ; for two several and distinct causes of action against
different persons cannot be joined in one action under the Code,
any more than they could have been under the former practice.
Such misjoinder would be fatal on demurrer, if it appeared on
the face of the complaint. (*Code*, § 144, *sub.* 5.)

But the plaintiff claims to recover several judgments, on the ground that this action is a substitute for a suit in equity, and not for an action at law. It was held in *Livingston* agt. *Liv ingston*, (4 *John. Ch. R.* 287,) that rent might be recovered in equity where the remedy had become difficult or doubtful at law, or where there was perplexity or uncertainty as to the title, or as to the extent of the defendant's liability. This jurisdiction of a court of equity is well established. (2 *Brown C. C.* 338, 518; 1 *Atk.* 598; 13 *Price*, 721; *Com. Dig. Chancery* 4, *n.* 1 *Rent ; Adam's Equity*, 238, *n.* 1; 1 *Freem. Ch. R.* 99; 1 *Story Eq. Juris.* §§ 684, 686.) Before an action for a discovery was abolished by the Code, (*Code,* § 389,) a bill would have been properly filed on the facts of this case for a discovery. But, according to the present practice, the plaintiff could only allege the facts as far as they were within his knowledge, and then obtain a discovery by examining the defendants as witnesses on the trial. Here the plaintiff was ignorant of the extent of the defendants' title, and of the extent of their liability. How much of the land they owned, and whether they had divided it among themselves, and to what extent, and in what proportions, were facts exclusively within the knowledge of the defendants, and could only be ascertainnd by an examination of the defendants. The plaintiff accordingly brought his action against both defendants for the whole rent due, and alleged in his complaint that he did not know, and could not state, in what proportion the defendants held such lands, and prayed judgment against the defendants jointly, if it should turn out that they were jointly liable, or severally for their proper portions, and for a proper apportionment between them. After issue joined, the facts were admitted by a stipulation of the defendants' attorneys, without the necessity of a personal examination of the defendants. A discovery was thus virtually obtained, by which the plaintiff ascertained that the lands had been divided between the defendants, and the extent of such apportionment.

The fact, that an apportionment was necessary, made the case a proper one for equity jurisdiction. (1 *Story Eq. Juris.*,

§ 470–485.) The plaintiff was entitled to recover all the rent due. How much each defendant ought to pay, might depend upon the value of the several parts held by each, as well as upon the quantity, or number of acres. (*Van Rensselaer* agt. *Gallup,* 5 *Denio,* 454.) In this question, both the defendants had interests adverse to each other; and it was proper that both should be made parties, for the purpose of securing a satisfactory adjustment: and as an assignee of part of the land could not be made liable for the whole rent, (2 *Barb. S. C. R.* 644,) it was necessary to charge each defendant with his proportionate part.

The remedy in this case has not been abridged by the Code; any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination, or settlement of the questions involved therein. (*Code,* § 118.) There is nothing multifarious in this case. It presents but one subject matter for adjustment; and in that both defendants, as well as the plaintiff, have an interest which could only be properly determined when all the parties named were before the court. The defendants suffer nothing by being joined in the action. On the contrary, it divides the expense of the litigation.

The authority of the Code is also ample to enable the court to render several judgments against the defendants. (*Code,* § 274.) In this respect, the Code has placed all actions upon the same footing, as existed in equity cases under the former practice.

In this case, it appears that each defendant has nearly an equal quantity of the land; and, in the absence of further proof, the presumption is, that each part is of equal value : the plaintiff is, therefore, entitled to a judgment against each defendant for $62.07, it appearing that the whole rent due is $124.15.