## SUPREME COURT.

STEPHEN VAN RENSSELAER, agt. JAMES LAYMAN and
HIRAM BENJAMIN.

A 'joint action against several defendants may be brought to recover rent reserved
upon the several pieces of land owned by them in severalty, and a several judg-
ment against them may be rendered for their respective proportions of the rent,
where an apportionment of the whole rent claimed is necessary

*Albany Circuit, September,* 1853.

ON the 6th of May, 1794, a lease in fee was executed
by Stephen Van Rensselaer (deceased) to Sylvanus Cooper,
for 261 acres of land, in Rensselaerville, Albany County,
known as lot No. 241, on which was reserved an annual
rent; and on the 15th day of January, 1808, the said
Van Rensselaer, leased to Hezekiah Watson and Job
Sisson, 220 acres of land in the same town, known as lot
No. 261, with a like reservation of rent. The plaintiff
has become entitled by devise to the interests of the lessor in
both these leases. In 1848, the defendants purchased and be-
came the assignees of 100 acres of lot No. 261, and 26½ acres
of lot No. 241, and on the 12th day of March, 1848, the defend-
ants divided said parcels between themselves by executing
quit-claim deeds to each other, whereby said Layman be-
came the owner of 47 47-100 acres of lot No. 261, and 16¼
acres of 241, and Benjamin became the owner of 52 53-100
acres of lot No. 261, and about 10 acres of lot 241, and
since that time the defendants have owned and possessed
such divided portions in severalty until sometime in the
spring of 1852. The rents due on such portions from 1848

to 1852, inclusive· amounts to $124.14, and the plaintiff claims to recover one half that sum against each defendant.

JENKINS *and* COOPER, *attorneys for plaintiff.*
NORMAN W. FALK, *attorney for defendants.*

A. J. PARKER, J.—On these facts it is clear that a separate action might have been maintained against each defendant, to recover the rent upon the land that had thus come to him as the assignee of the lessee. · But the defendants' counsel contends that a recovery against each defendant separately, cannot be had in this action against both defendants.

This is not a case of uniting actions against different persons upon several contracts. The plaintiff's right to recover depends upon *privity of estate,* and not upon *privity of contract*; (2 *Barb. S. C. R.,* 644,) each defendant is liable to the extent of his proportionate share of the land leased, because he has become the assignee of such land.

If this action is to be regarded only as a substitute for an action at law, it will not admit of several judgments against these defendants; for two several and distinct causes of action against different persons, cannot be joined in one action under the Code, any more than they could have been under the former practice. Such misjoinder would be fatal on demurrer if it appeared on the face of the complaint. (*Code Sec.* 144, *Sub.* 5.)

But the plaintiff claims to recover several judgments on the ground that this action is a substitute for a suit in equity, and not for an action at law. It was held in (*Livingston* agt. *Livingston,* 4 *John. Ch. R.,* 287,) that rent might be recovered in equity where the remedy had become difficult and doubtful at law, or where there was a perplexity or uncertainty as to the title or as to the extent of the defendants liability. This jurisdiction of a court of equity is well established. (2 *Brown, C. C.,* 338, 518; 1 *Ash.,* 598; 13 *Price,* 721; *Com. Di. Chancery,* 4 *n.*; 1 *Kent, Adams*

*Equity,* 238, *n.,* 1 ; 1 *Freem. Ch. R.,* 99 ; 1 *Story Eq. Ju.,* 684.)

Before an action for a discovery was abolished by the Code, (*Code, Sec.,* 389,) *a bill* would have been properly filed in this case for a discovery. But according to the present practice, the plaintiff could only allege the facts as far as they were within his knowledge, and then obtain a discovery by examining the defendants as witnesses on the trial. Here the planitiff was ignorant of the extent of the defendants' title and of the extent of their liability; how much of the land they owned and whether they had divided it among themselves and to what extent and in what proportions, were facts exclusively within the knowledge of the defendants, and could be ascertained by an examination of the defendants. The plaintiff accordingly brought his action against both defendants for the whole rent due, and alleged in his complaint that he did not know and could not state in what proportions the defendants held such land, and prayed judgment against the defendants jointly, if it should turn out that they were jointly liable or severally for their proper portions and for a proper apportionment between them. After issue joined, the facts were admitted by a stipulation of the defendants' attorney, without the necessity of a personal examination of the defendants. A discovery was thus virtually obtained by which the plaintiff ascertained that the land had been divided between the defendants and the extent of such apportionment.

The fact that an apportionment was necessary, made the case a proper one for equity jurisdiction. (1 *Story Eq., Juris.* 410–418.) The plaintiff was entitled to recover the rent due. How much each defendant ought to pay might depend upon the value of the several parts held by each, as well as upon the quantity or number of acres. (*Van Rensselaer* agt. *Gallup,* 5 *Denio,* 454.) In this question both defendants had interests adverse to each other, and it was proper that both should be made parties for the purpose.

of securing a satisfactory adjustment, and as an assignee of part of the land, could not be made *liable* for the whole rent, (2 *Barb. S. C. R.*, 644,) it was necessary to charge each defendant with his proportionate part.

The remedy in this case has not been abridged by the Code; any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to the complete determination or settlement of the questions involved therein. (*Code Sec.*, 118). There is nothing multifarious in this case. It presents but one subject matter for adjustment, and in that, both defendants as well as the plaintiff, have interests which could only be properly determined, when all the parties named were before the court.

The defendants suffer nothing by being joined in the action, on the contrary it divides the expense of the litigation.

The authority of the Code is also, ample to enable the court to render several judgments against the defendants. (*Code*, 274). In this respect the Code has placed *all* actions upon the same footing as existed in equity cases under the former practice.

In this case it appears that *each* defendant has nearly an equal quantity of the land, and in the absence of further proof, the presumption is that each part is of equal value; the plaintiff is therefore, entitled to a judgment against each defendant for $62.07, it appearing that the whole rent due is $124.15.