NEWYORK,
May, 1816.

GALE
v.
O'BRIAN.

GALE AND STANLEY *against* O'BRIAN.

THIS was an action on a bond in the penalty of 1,000 dollars, conditioned for the performance of a covenant therein contained. The declaration commenced by demanding 1,000 dollars, which the defendant owed to, and unjustly detained from, the plaintiffs: it then set forth the penalty of the bond, with the condition, in which the defendant's covenant was contained; and, having assigned breaches of the covenant, concluded thus: " Therefore, the said *Thomas O'Brian*, his covenant with the said *James Gale* and *Ashbel Stanley* hath not kept, although often requested so to do, but hath broken the same; wherefore the said *James Gale* and *Ashbel Stanley* say they are injured, and have sustained damages to the value of 1,000 dollars, and thereof they bring suit," &c.

To this declaration there was a general demurrer and joinder in demurrer. The cause was submitted to the court without argument, at a former term, (*May*, 1815, 12 *Johns. Rep.* 216.,) and judgment was given for the plaintiff.

By consent of parties, the cause was again brought before the court, and argued by *Cantine*, in support of the demurrer, and *Powers*, for the plaintiff.

*Cantine* contended, that the judgment ought to be in debt, but no judgment in debt could be given on this declaration: it must be in covenant, and this is a good ground for a general demurrer. The attorney of the plaintiff, in drawing the declaration, appears to have followed the precedent in 2 *Chitty on Pleadings*, 154., except the conclusion, which, in that precedent, is in *debt* instead of covenant.

This is a misjoinder, which renders the declaration bad in substance.[*]

*Powers*, contra. The court (12 *Johns. Rep.* 216.) have already decided the very point. The objection is matter of form, and can only be taken advantage of, if at all, by a *special* demurrer. By the 7th *section* of the act for the amendment of

---

*A declaration on a bond, conditioned for the performance of covenants, commencing in debt, after setting forth the condition, and assigning breaches, and concluding as in covenant, and with demanding damages, is, it seems, good on special demurrer. But it is certainly good on a general demurrer. Vide 12 Johns. Rep. 216. S. C.*

[*] 1 *Chitty's Pl.* 206 2 *Bos. & Pull.* 424.

NEWYORK,
May, 1816.

GALE
v.
O'BRIAN.
*1 N. R. L. 120.

the law,* the court, in cases of demurrer, are required to give judgment according to the right of the matter, without regard to form, unless the particular defect be shown, specially, as the cause of demurrer.

Sergeant *Williams*, in his note (5) to 2 *Saunders*, 190., says, expressly, that a wrong conclusion to a declaration is not matter of substance, but mere form, and must be specially shown for cause of demurrer. The declaration is in the form recommended by *Williams*, in his note (1) to 1 *Saund.* 68.; it sets forth the bond and the condition, and then assigns the breaches, concluding in covenant.† If the conclusion be wrong, it is like a title defectively set forth, which is only a fault in form.‡

† Hob. 233. 6
Johns. Rep. 67.
‡ 1 Tidd's Pr.
647.

*Cantine*, in reply. Sergeant *Williams*, in his note to 2 *Saund.* 187. *c.*, corrects his mistake, in the note referred to in 1 *Saund.* 58., in saying that the declaration might conclude as in covenant; and the court, in giving judgment on the demurrer, in this cause, in 12 *Johns. Rep.* 216., did not advert to this correction, but relied on the authority of *Williams*, in his first note.

*Per Curiam.* This case has now been argued, and we find no reasons to induce a change of opinion from that formerly given, when the case was submitted without argument. (12 *Johns. Rep.* 216.) The court did not then advert to the second note to 2 *Saund.* 187.; in that note Mr. *Williams* corrects what he had said in his note to 1 *Saund.* 58.; and he seems to think, that the conclusion of the declaration in covenant, after an assignment of breaches, is incorrect. We agree that it is not a neat technical conclusion; but it does not follow that it furnishes a cause of demurrer. Nothing short of a special demurrer can reach the supposed imperfection in the conclusion of the declaration; for, certainly, it is not matter of substance; and, we think, even a special demurrer would not avail.

The declaration is in debt. It demands the penalty of the bond in the *debet et detinet*, and it sets out the bond truly; and, after setting forth the condition, it avers a breach of the covenants. Legally and technically speaking, the stipulations in the condition are covenants, on which an action of covenant might have been brought; but calling those stipulations covenants did not render the action an action of covenant; its

quality had been fixed before, by demanding the penalty as a debt, in the usual way.

<div align="right">NEW YORK,<br>May, 1816.</div>

<div align="center">Judgment for the plaintiff.</div>