ALBANY,
January, 1819.

FITCH
v.
THE PEOPLE.

Judgment of reversal.

———◆※◆———

FITCH *against* THE PEOPLE, *ex relatione* PLATT.

IN ERROR, on *certiorari*, to remove the proceedings before a Justice of the Peace, under the *act to prevent forcible entries and detainers.* (Sess. 11. c. 6. 1 *N. R. L.* 96.)

It appeared from the return to the *certiorari*, that the justice, on complaint made to him, repaired to the place, and finding that *Fitch*, the plaintiff in error, was holding the premises forcibly, after a forcible entry by him, imposed a fine of 12 dollars and 50 cents. Process was then issued to summon a jury to inquire of the forcible entry and detainer. A jury was convened, and a bill, or inquisition, found. The plaintiff in error traversed the force, and another jury was summoned to try the traverse, and the plaintiff was found guilty ; whereupon, the justice adjudged, that *Platt* should recover 200 dollars for his damages, and 11 dollars and 65 cents for his costs, and issued a writ of

On the trial of the traverse of an indictment for a forcible entry and detainer, the justice, before whom it is tried, is authorized, by the 5th section of the *act to prevent forcible entries, &c.* sess. 11. c. 6. (1 *N. R. L.* 98.) to assess the *costs and damages* of the party complaining. Held, that the justice cannot award to the party a gross sum, independently of his costs, as compensation for the injury sustained ; but that the *damages* given by the statute were intended only to reimburse the party prosecuting, after the trial of the traverse, the *costs* which he had been put to on that particular occasion ; and that, for other damages arising from the wrongful entry, he must resort to his action of trespass.

ALBANY,
January, 1819.

FITCH
v.
THE PEOPLE.

restitution, and an execution to levy the damages and costs awarded.

The proceedings were regular in point of form; and the only question arising in the case was, whether the justice had authority, under the fifth section of the statute, to adjudge to the party damages, independently of his costs. The material parts of this section of the statute, are as follows : " The person, or persons, so convicted, shall pay such costs and damages to the party complaining, as shall be assessed by the justices, or justice, before whom the same is tried, or by the Supreme Court, if the proceedings shall be removed into the Supreme Court, before such trial as aforesaid ; the same costs and damages to be recovered and levied in the same manner as costs and damages upon judgments in other actions are recovered."

SPENCER, J. delivered the opinion of the Court. The statute provides, that after a trial on the traverse, if the traverse taken, be tried against the person indicted, that the person convicted shall pay such *costs and damages* to the party complaining, as shall be assessed by the justices, or justice, before whom the same is tried. In this respect, our statute is substantially a transcript of the statute 31st *Eliz.* ch. 11., and yet I can find no trace of a precedent or adjudication, that the justices who award restitution may, under this act, exercise such high and unlimited discretion as to impose upon the party the payment of a gross sum in damages, as contradistinguished from costs. None of the commentators on this statute give colour to the notion, that a Justice of the Peace possesses this extraordinary power ; and it is contrary to the genius of our government, and to every idea of civil liberty, that a single magistrate should be armed with such an undefined and arbitrary power ; this very statute limits the fine to be imposed by a Justice of the Peace, on the view of the force, to five pounds ; and it never could have been the intention of the act, to vest in a single justice the authority to inflict any penalty he pleased, in the nature of damages.

The terms of the act justify the construction adopted by the Court; the word *damages*, is considered in the law, in

two several significations, the one *properly and generally*, the other *relatively ; properly*, when *damages* are founded upon the statutes where costs are included within the word damages, and taken as damages ; *relatively*, when the injury declared upon existed before the writ brought, and is the foundation of the suit ; in such case damages do not mean costs. The evident object of the part of the statute under consideration, was to give costs to the party prosecuting, after the trial of the traverse, to reimburse his costs on that particular occasion ; for the wrongful entry, the injured party has his remedy by action of trespass, at common law, and in some cases, under the statute, and there can exist no reason for this summary assessment of damages ; and if, in judgment of law, they were legally assessed, there would exist no remedy or redress against the most exorbitant, arbitrary, and unjust assessment.

That part of the proceedings which adjudges damages, to 200 dollars, against *Fitch*, must be quashed for the excess of jurisdiction in the Justice.