*30 #Phe deritofér'to'thbthirdpléa Wás'wélltálcéh: 'Í3¿; notwj:tjls|an¿ing ^he "súfepMsíoñ"nfUkécatióíí5 in: cteftám ' ca’áes for 90 days, the commencement of an action of debt on the judgment ’does'- not interfere with that prohibition. It is a common law" right to sue on the judgment, which is not negatived by-the statute. •
The case of Hale v. Angel, (20 John. 342,) show's "in’ what light this question is vieWed. ifnder the 11th section' of the'25 dollar act, (1 R. L. 387,) it is "provided that if the' executióh-hé réfúrñéd’ unsatisfied, the party"recovering may bring an action of debt. The execution was not returned and" yét the ‘court held that thé'action might be sustained as "soon 'as the'judgment was recovered.
As tó the démurrer to evidence, I think it supported" the declaration. The docket showed there, was a judgment for $50 debt' and 93 cents costs. The allegation in the1 declaration for his damages sustained as well as costs, is in the usual form where costs only have accrued. So are the entries in'the books of practice. In debt on bond fora penalty, the entry is Tm this mannei, although costs only' afé'fflvéñf <
In Fitch v The People, (16 John. 141,) this court gave an exposition‘of-the statute where, after the trial of a tfávérsé'íú a forcible entry and detainer,"it is declared that the party convicted shall pay costs and damages as shall be avVaf defiby thejustice". It was held that the words damages arid costs were \b be cohsirued as applicable to costs only. [1] : In this case it was enough- for the plaintiff below that damages, as distinct from coste,- were not 'necessarily"'com-prehendéd' within thfe allegation in the'deí-larátidni'' Costs' in many-' c&ses are considered :as damages. ■' In '‘order to-support the proceedings,"the' court will cohsider them as' súbh, and that" thfe allegation applies to costs merely, unless1 the party taking*the objection .shows that in-fdbt the1 word' damages hadreferénce tó á recovery oí'siiúYi’dáfdages distinct"' *31 from’ the costs.- Had that appeared, then indeéd there Would have beénnañ excess of jurisdiction.
In point of fact, it appears' that the 93 cénts were1’ costs-only ."- That, however, cannot aid the plaintiff below. This*point - turn's - on the' construction to be’givén-to the words cost's and damageswhich, -.without1 further explanation-/-I think ought to be considered as applicable'to1 costs only;
The judgment of the-court btelow must be affirmed. -
Judgment affirmed.

 As" to th¿ "distinction between damages' andcosts, ‘sea Griffin v. Mortimer, 8 Wen. 540.