*Curia, per Sutherland, J.
This is an action of debt upon an arbitration bond. The plaintiff was nonsuited at the trial, on the ground of a variance between the bond set forth in the declaration, and that proved. The declaration states the bond to have been made on the 19th day of September, 1825, and that the award was to have been on or before the 18th day of January then next. The oyer and the bond produced corresponded with the bond set forth in the declaration; but it appeared from the testimony of John Wilkinson, a witness on the part of the plaintiff, that *273 the time limited in the bond for making the award, was originally the 31st of December, 1825 ; that it was then extended from the 31st of Deeembár to the 10th of January, by erasing the former date and inserting the ^latter in the bond, by the consent of both parties. On the 10th of January it was agreed to extend the time to the 18th of the same month, which was effected in the same way, by erasing the one and inserting the other date. It was then objected by the counsel for the defendant, that by the alteration, it became a new bond, of the date when it was last altered; and that the plaintiff should have set forth the bond, (as he had done) as bearing date the 19th of Sep tember, 1825, and averred that it was executed and delivered on the 10th day of January, 1826, the day when the last alteration was made. The objection was sustained by the judge, and the plaintiff was nonsuited on the ground of variance.
The legal effect of the alteration of the bond, was probably to destroy it as a pre-existing obligation, and to render it a new bond from the time of the alteration; and it would, undoubtedly, have-been competent for the plaintiff to have declared upon it, as a bond which took effect at that time, though dated previously; as a contract may, generally, be described according to its legal effect, though such description may vary from its precise words. (1 Chitty, 307. 1 Phil. Ev. 168, note 6.) And a deed, though dated on a particular day, may be stated, in pleading, to have been made on another day. (1 Chitty, 349. 4 East, 477.)
Though a deed takes effect only from its delivery, and a delivery is of course essential to its validity, yet, it need not be stated in pleading. (1 Saund. 291, note (1.)
*Probably, in point of fact, few deeds are actually delivered on the day on which they bear date. They are generally previously prepared, and delivered at the consummation of the contract; and yet, I have met with no case, in which the objection was taken that the deed was not delivered on the day on which it bore date, although it is uniformly stated as having been then made. Where the jus *274 tice and the merits of the case are affected by the particu lar time when the bond or deed becomes a valid and sub sisting instrument, there the time of the delivery becomes material, and may be set forth, or proved by either party. But where it is a mere question of variance, designed to defeat the action, without in any manner bearing upon the merits of the case, I am inclined to think the defendant ought not to be permitted to say that the deed was not delivered on the day when it bears date. He should, in such a case, be held concluded by his own signature to the deed, from denying that its date is the true one.
In this case, it is a mere matter of form ; for admitting the date to have been the 10th of January, it would not change or affect any material allegation in the declaration. The declaration avers that the award, by the terms of the bond, was to be made on or before the 18th day of January next ensuing the date of the bond. It is contended by the defendant’s counsel, that if the date of the bond was in January, 1826, then the award was not to be made until January, 1827; whereas, by the averment in the declaration, it was to be made in January, 1826. We have repeatedly held, in similar cases, that the words next or then next, may be considered as referring to the day of the month, and not the month itself. In that view of the case, therefore, there was no variance between the bond produced and the one described in the declaration.
I am, therefore, of opinion that the plaintiff was improperly nonsuited, and that the nonsuit ought to be set aside.
Motion granted.