Per Curiam.

This is an action of debt brought against the defendant as the assignee of a lease, to recover rent in arrear. From the facts disclosed by the case, and from the averments in the declaration, it may be fairly inferred, that the rent for which the action is brought., has accrued since the death of the original lessee; that the defendant has since that time entered upon and enjoyed a part of the demised premises, and that the lease on which the action is founded, expired before the commencement of this suit,.
The first objection made to the plaintiff’s right of recovery is, that the action of debt will not lie on an expired lease. But this is a mistake. At common law the lease must expire before an action can be brought, and then debt is the proper action. We have looked into the case cited by the defendant’s counsel from [Cro Eliz. p. 264.] and are satisfied that its import has been mistaken. The termination of the lease can neither destroy the lessor’s right to the rent, nor take away his remedy to recover it. And there is a case reported in the same book, (Brown v. Hare, Cro. Eliz. 633.) where it was expressly decided, that debt upon an expired lease would lie, and the other authorities cited on the argument fully support the same position. [1 Lev. 25. 1 Saund. 233. a. 1. Woodfall, 323. 2 Lev. 231.]
The objection that the declaration does not show the manner in which the defendant became assignee, is equally unfounded. She may be described as assignee in general terms, and such description will be sufficient to charge her for the estate which actually came into her possession; “ for the plaintiff is a stranger to the defendants’ title, and cannot set it out particularly.” [1 Chit. 353. Folliard v. Wallace, 2 John. R. 402. 1 Saund. note 1. 1 Salk. 316.]
But the verdict in this case has been rendered for the ■ entire rent of the whole premises for the two quarters, which is a greater amount than that for which the defendant is liable; and there must, therefore, be a new trial, to correct the amount of the recovery. The defendant entered upon a part of the premises only, *390 and she cannot be charged for a greater estate than that which she enjoyed. She is sued as assignee generally, and like every other assignee, is liable for the estate which came into her hands. In all cases where there is no privity of contract, the" rent may be apportioned, and the law leans towards this course, as most consistent with the ends of justice.
If the defendant had been sued as administratrix with assets, then the rent could not have been apportioned, for the administratrix would have been bound to fulfil the contract of the intestate. But here she is made answerable for the estate which she has herself enjoyed, and the judgment goes against her own property. As she is liable merely through her privity of estate, she of course cannot be made answerable for what she never possessed.
There must therefore be a new trial, to ascertain what the value of the rent of that portion of the premises occupied by the defendant, actually was, in relation to the other part in the possession of McGlade, the other tenant.
As in the view we take of the subject, the defendant is liable, in her own capaóity, for the rent of the premises enjoyed by her, the objection, that the proof does, not support the declaration, in consequence of a misdescription in the defendant’s name, has no application, and need not be considered.
New trial granted.
[Emmet and Selden, Att'ys for the plffs. Muloch, Att'y for the deft.]