By the Court.
Duer, J.
There is a wide difference between tbe powers and authority of a person acting with others as an arbitrator, and tbe powers and authority of an umpire, and these differences are such tbat in actions like tbe present they must necessarily affect tbe nature of tbe proofs to be given on tbe trial, both on tbe part of tbe plaintiff and of tbe defendant. Whether tbe instrument in writing on which tbe action is founded is an umpirage, or an award, in tbe usual and strict sense of tbe term, can rarely, if ever, be an immaterial question. Tbat which as tbe act of a single person may be valid as an umpirage, if requiring tbe concurrence of two or more, as an award, may be wholly void. It seems to follow tbat in all cases where tbe action is founded on an award, its true character, as tbe act of an *325 umpire, or of arbitrators, must be set forth in the complaint, in order that a defence adapted to its true character may be set up in the answer. These remarks, however, are probably too general, and to justify our decision, it may be expedient to state more distinctly the difference between the powers and duties of an umpire and those of an arbitrator, to which we have referred. Where an umpire has been duly appointed and, in consequence of a disagreement of the arbitrators, has entered on the performance of his duties, the authority to make a final decision on all the matters embraced in the submission is vested exclusively in him; the original powers of the arbitrators have ceased to exist. They are fundi officio. He is not bound to meet or consult with them at all, and although he may permit them, or one of them, to sign his award, it is only as his act and his decision that it has, or can have, any validity. If the arbitrators join in the award, they do so, not in the exercise of any remaining power, but as mere strangers, whose signatures, although they may not vitiate the award, are superfluous and unmeaning. (3 Burr, 1,474, 4 Taunt. 252, 9 Bar. and Cress. 407, 2 John. Ch. R. 339,1 Hill, 489,1 Barb. 333.)
But when two arbitrators, unable to agree, exercise a power given by the submission, by appointing a third, the authority to make an award is vested in them jointly; and even when an award made only by two of them is good, it must be shown to be the result of their joint deliberations. Due notice, therefore, of the time and place of every joint meeting must be given to each, and although the refusal to attend of one may not vitiate an award, yet an award made by two, without due notice to the third, is certainly void. (3 Ad. and Ellis, 245; 5 Gran. and Man. 374; Jordan v. Hyatt, 3 Barb. 275; Ackley v. Finch, 7 Cow. 290; Crofort v. Allen, 2 Wend. 494.) And even when the award is made by all, whether two or three, who have authority to make it, yet, as its execution is in the nature of a judicial act, implying and requiring deliberation, the better opinion seems to be that it must be executed by all at the same time and place, or, at least, that all must be present at its execution by each. (Stalworth v. Inns, 13 Mees. and Wels. 465; vide also, 8 East. 319, 2 East. 244, 3 Term. R. 38.)
Without pursuing the subject, these observations are sufficient *326 to sbow tbat tbe defence to an action upon an award, purporting to have been- made by arbitrators, whether by all or by a majority of them, may be wholly different from any that would have been competent to the defendant, had the action been founded upon an award made by an umpire. They are also sufficient to show that when a complaint sets forth an award, as made by an umpire, and claims its performance, or damages for its breach, an allegation, in the answer, or facts tending to prove that the award, treating it as in fact made by arbitrators, was wholly void, might be justly censured as vicious pleading. Such allegations, as raising no issue pertinent to the complaint, would either be striken out as irrelevant, or would render the answer bad upon demurrer. It remains to apply the observations that have been made to the case before us.
We find it impossible to say that the action is not solely founded upon an award made by an umpire. The language of the complaint is, in our judgment, so clear and explicit as not to be susceptible of any other interpretation. The complaint avers that the arbitrators named in the submission were.authorized, if they should be unable to agree, to select a third person as umpire, and that the defendants agreed to be bound by the valuation that the umpire so selected should make. That the arbitrators were unable to agree, and accordingly selected White as umpire, and that he as umpire valued thé property at the sum for the recovery of which the action was brought and judgment demanded. It is true, the complaint also avers that the same valuation, in other words, the same award, was made by a majority of the persons, so selected and appointed; but this cannot mean that a separate award, corresponding in its amount with that of the umpire, was made by the two arbitrators named in the submission; for, upon this supposition, there would have been no disagreement, and the selection of the umpire would have been void, and his award a nullity. The meaning of the averment undoubtedly is, that one of the arbitrators united with the umpire in making the award upon which the action is founded, and thus interpreted, the averment must be disregarded as immaterial and irrelevant, as unnecessary to-be proved, and therefore unnecessary to be made. It has already been shown that where an arbitrator, whose powers as such are exhausted, joins an umpire in making an award, the *327 character of tbe award, as tbe decision of tbe umpire alone, is in no degree varied or affected. As sucb an arbitrator has no authority to sign tbe award, bis signing it is tbe nugatory act of a stranger, not, it is true, vitiating tbe award — but giving it, it is just as certain, no additional force. Hence tbe award set forth in the complaint, notwithstanding tbe averment that one of tbe arbitrators united in making it, is an award made by tbe umpire alone by virtue of bis own powers and authority as such; and it is upon sucb an award that tbe plaintiff’s right of action, as set forth in bis complaint, is exclusively founded.
Sucb being tbe frame and substance of tbe complaint, what is tbe answer of tbe defendants? It is an answer that meets and controverts all the material allegations in tbe complaint; and, as it seems to us, tbe only answer that to sucb a complaint could properly be made. It avers that tbe arbitrators bad no power to select an umpire, that White was not selected, and made no award as sucb, and that no award had been made by those to whom alone the power of making one bad been delegated; and that these allegations, if true, were a full defence to tbe cause of action as set forth in tbe complaint, cannot, it seems to us, be reasonably doubted. If they were true, no other defence was necessary or proper to be made. It would have been worse than needless to have added that, although White bad not been selected as an umpire, be had been selected as an arbitrator, and, as sucb, bad joined with another arbitrator-in making an award which, by reason of the facts, setting them forth, that were offered to be proved upon the trial, was wholly void. Upon a motion to strike out sucb averments as irrelevant, we think tbe court would not have hesitated to say that a complaint founded on an award, made by an umpire, ws not answered by showing that a bad award bad been made by arbitrators; that it was a valid award made by an umpire, that tbe plaintiffs, bv tbe terms of their complaint bad undertaken and would be bound to prove, and that a denial of tbe existence of sucb an award was, therefore, tbe only defence that tbe action required.
It was upon the pleadings that we have stated that tbe parties went to trial, and the proceedings upon the trial next claim our attention. A submission in writing signed by the parties was produced and read in evidence, which, as we construe it, for rea *328 sons tbat will hereafter be given, gave an authority to the arbitrators named, in the event of their disagreement, to select, not an umpire having a sole authority to act and decide, but a third person to act with themselves in making the- required appraisement — that is, a third arbitrator. It was then -proved that the arbitrators were unable -to agree, and, in pursuance of the submission, had selected-a third-person, (White,) who, in conjunction with one of the arbitrators, (Wright,) had made an award, valuing the property to be appraised at the sum mentioned in the complaint. To the whole of this evidence, as not merely not sustaining but disproving the material allegations of the complaint that the arbitrators had power to select an umpire, -and that as such, "White had "been selected and had made his award, the counsel for the defendants distinctly objected, and the -objection was overruled^ the evidence received, and the plaintiffs permitted to obtain a verdict.' The important question, therefore, is, whether the objection to this evidence ought to have been overruled, or whether it ought not to have been allowed, and, as a necessary consequence, the complaint to have been dismissed.
There are, it seems to us, only two grounds- upon which 'the objection to the evidence could properly have been overruled:— First, that "White was in truth an umpire, and as such, made his award; or, Second, that the variance between'the proof and the complaint was one that the Judge,'under the provisions of the Code, was bound to disregard.' The first ground, which depends entirely upon the construction to be given to the submission of the parties, was not much pressed by the-counsel for the plaintiffs upon the argument before us, and is plainly untenable. ' The law is settled that the power to appoint an umpire, must bé given by express words, and that' when the power given to two arbitrators, in'the event of their disagreement' to select a third' person, is exprésséd in' general words, the person so' appointed ⅛ a joint arbitrator, and not a sole umpire. (Hughes v. Garnett, in the Exchequer; Watson on Arbitra. 86; Reade v. Dutton, 2 Mees. and Welsb. 69; In re Wich. 8 Taunt. 694; Batting v. Button, 13 John. 189.) The present case is in reality much stronger than any’ of those to which I have referred, for here the terms of the submission plainly show that the third person to be selected was to have the powers of a joint arbitrator, and none other. The only *329 doubt that can be raised is, wbetber it was intended tbat be should have tbe full powers of an arbitrator, He was to be appointed “to assist tbe arbitrators in making tbe appraisement.” They consequently were to continue to act, since otherwise they would not have been assisted but superseded, and tbe utmost tbat can be said as to bis authority is, tbat be was not merely to aid them by bis opinion and advice, but was to act with them in valuing tbe property, tbat is, in making a final award. It is not denied tbat upon this construction of tbe submission there was a manifest variance between tbe proof and tbe complaint, and wbetber tbe variance was justly disregarded as immaterial is tbe question next to be determined. Section 169 of tbe Code declares tbat no such variance shall be deemed material, unless it has actually misled tbe adverse party to bis prejudice in maintaining bis action or defence, and tbat when it is alleged tbat be was so misled, tbe fact must be proved to tbe satisfaction of tbe court; but in construing this section, it would be an error to bold tbat tbe fact tbat tbe adverse party was misled and prejudiced must, in all cases, be established to tbe satisfaction of tbe court by extrinsic proof. Tbe fact, and consequently tbe materiality of tbe variance, may be apparent on tbe face of tbe pleadings, and, in such cases, it must be tbe duty of tbe court either to exclude tbe evidence creating tbe variance, or so to amend tbe pleading as to admit its introduction, and in this last case tbe amendment can only be made upon terms, tbat, in tbe words of tbe section, “shall be just.” Hence, if by tbe proofs on tbe trial, tbe case of tbe plaintiff is so far varied from tbat stated in bis complaint as to render tbe defence in tbe answer no longer appbcable, and at tbe same time to exclude a defence suited to tbe case as varied by tbe proofs, so manifest is tbe prejudice resulting to tbe defendant, tbat tbe court is bound to say tbat the 'variance is material, and consequently, tbat tbe complaint, if not amended, must be dismissed. And such, exactly, is tbe case before us. We axe not prepared, nor is it necessary to say, tbat in all such cases tbe cause of action as alleged in tbe complaint must be regarded as “unproved in its entire scope and meaning,” so as to present a case, not of variance, but of an entire “failure of proof.” (Code, § 191.) But we cannot doubt tbat tbe variance, if not necessarily fatal, must be deemed so far material, tbat tbe objection which it *330 creátes can only be removed by a positive amendment, and tbat not an amendment of course, but one tbat can only be made upon a proper application, and upon just terms.
Tbe course of tbe trial in tbe present case affords a striking illustration of tbe truth of tbe observations we bave made, for wben we look at tbe proceedings, it is manifest, that we should violate tbe plainest rules of justice by permitting tbe plaintiffs to enter a judgment upon tbe verdict they obtained. When, instead of an award made by an umpire, tbe plaintiffs were allowed to give in evidence, in support of their action, an award made by arbitrators, tbe defendants offered to prove tbat tbe arbitrator who bad not signed tbe award bad not received any notice to attend and consult with tbe two by whom it was signed; and tbat tbe defendants bad not been notified, at any time, of tbe time and place of meeting of tbe arbitrators; and that proof of these facts, if appraisers are arbitrators and an appraisement an arbi-bitration, in tbe full sense of tbe terms, as seems to bave been decided, (Van Cortlandt v. Underhill, 17 John. 405; Butler v. Mayor, &c., of New York, 1 Barb. S. C. R. 325, S. C. 7 Hill, 326.) would bave shown tbat tbe award, on which tbe plaintiff relied was ineffectual and void, cannot be doubted. Tbe proof, however, thus offered to be made was rejected, not, indeed, upon tbe ground tbat tbe facts, if proved, would not bave constituted a defence, but for tbe sole reason tbat no such defence bad been set up in answer. Tbat under tbe answer, as framed, tbe evidence could not with propriety bave been admitted must be allowed; but tbe very necessity of its rejection is conclusive to show tbat.tbe plaintiffs ought not to bave been permitted to maintain their action by tbe production of an award different from tbat alleged in their complaint, and tbe validity of which tbe defendants in their answer not only were not bound, but bad no right to contest. We cannot allow tbe plaintiffs to recover without any opportunity of a defence being given to tbe defendants upon a cause of action, tbe existence of which tbe complaint, so far from averring, by a necessary implication, denies.
We are, therefore, all of opinion, and very clearly so, tbat tbe verdict tbat has been rendered must be set aside, and tbe only question is, whether we shall order a new trial or at once dismiss tbe complaint. A new trial, unless tbe complaint be so amend *331 ed as to conform its allegations to tbe facts as tbej bare been shown to exist, would be a waste of tune and expense, since tbe same dismission of tbe complaint, that may now be ordered, would be its necessary result. No application, however, for such an amendment of tbe complaint has been made, and were it made, it would only be granted upon tbe terms of charging tbe plaintiffs with all tbe costs that have accrued since tbe commencement of tbe action, and between an amendment upon these terms and a present dismissal of tbe complaint with costs, there is little, if any thing, to choose.
Our decision, therefore, is, that tbe verdict be set aside, and a judgment for tbe defendants dismissing tbe complaint, with costs, be now entered. We make tbe decision, however, without prejudice to tbe right of tbe plaintiffs to commence a new action, in such form as they may be advised, and without expressing or intimating an opinion that, upon a complaint properly framed, they may not be entitled to recover tbe whole sum at which their property sold to tbe defendants has been valued.