## Case No. 16,372.

### UNITED STATES v. STAFFORD et al.

[2 Paine, 525.] [1]

Circuit Court, N. D. New York. [2]

ACTION ON BOND—PLEADING—VARIANCE.

Where, in an action of debt on a bond, the defendant was described in the bond and declaration, as "principal paymaster of the militia of the state of New York, which have been, or may be ordered into the service of the state of New York," and the evidence was an account against him as paymaster-general of the New York militia; it was held, that the court could not, as matter of law, decide that these different descriptions applied to the same officer, and that, therefore, the variance was fatal.

Error to the district court of the United States for the Northern district of New York.

This was an action on a bond. The bond was dated 1st September, 1813. The declaration was in debt, with the condition of the bond set out, which recited that by general orders of the commander-in-chief of the state of New York, certain militia of the state of New York had been organized and ordered into the service of the United States; and that Samuel Edmonds had been duly assigned and appointed principal paymaster of all the militia of said state which had been or might be ordered into the service of the United States, and with a condition that if the said Edmonds shall keep and render just and true accounts and vouchers of all his receipts and expenditures in said office, and account for, and deliver and pay over to some proper officer or department of the United States, all moneys and public property of the United States which may be in his custody, possession or control; and shall, in all things, honestly, faithfully and truly

1 [Reported by Elijah Paine, Jr., Esq.]
2 [No date given. 2 Paine includes cases decided between 1827 and 1840.]

demean himself in the said office of principal paymaster, then the obligation to be void. The breaches were, substantially, that after the date of the said bond, the said Edmonds, as principal paymaster as aforesaid, received of the United States divers large sums of money, viz., $50,000, which he, as such paymaster, was bound to pay over to the militia of the state of New York which had been ordered into the service of the United States, which he neglected and refused to do. The seventh and last breach set out a final settlement of the accounts of Edmonds as such paymaster, and a balance of $20,000 found due from him as such paymaster, which he was required to account for, and also to account for the whole $50,000 advanced to him; and that he neglected and refused so to do.

To this declaration the defendant pleaded: (1) That the bond was not the deed of him, Stafford, and issue. (2) That it was not the deed of Edmonds & Worth, and issue. (3) That the state of New York was a member of the United States, and that by the constitution of the state of New York, a council of appointment was constituted, and all military officers required to be appointed by such council; and that Edmonds was not so appointed—nor was he commissioned by the governor—nor did he hold any such office; and concluded with a verification. (4) That at the time of executing said bond, there was not according to the constitution and laws of the United States, or of the state of New York, any such office as in the condition of the bond was expressed or meant and intended, and prayed judgment if plaintiff ought to have and maintain their action. (5) That at the time of executing such bond, there was not any person authorized or empowered, under the constitution of the United States, to accept the delivery of said bond. And so the said Stafford says that the said bond is not his deed; and puts himself on the country. (6) That at the time of executing said bond, there was not any authority of law, either of the United States or of the state of New York, under and according to which the said bond could be taken; and concluding with a verification. (7) That at the time the bond was executed, there was not any authority of law, either of the United States or of the state of New York, under or according to which the said bond was or could be taken. And so the said Stafford says the bond is not his deed; and puts himself on the country. To the third plea the plaintiffs reply, that the said Edmonds did, at the date of the bond, hold such office as in the said bond and condition is meant and intended; and issue to the country. As to the fourth plea, the United States say, that at the time of executing said bond there was such an office as in and by the condition of said bond is expressed or meant and intended; and issue to the country. As to the

fifth plea, the United States say, that at the time of executing said bond there was authority of law under and according to which the aforesaid bond was taken; and issue to the country. As to the sixth plea, the United States say, that at the time of executing said bond there was a person authorized and empowered by, and under the laws and constitution of the United States, to accept the delivery of the aforesaid bond on account of the United States; and issue to the country. As to the seventh plea, the United States say, that at the time of the sealing and delivery of said bond there was authority of law under and according to which the aforesaid bond was taken and made; and issue to the country. Thereupon, the third plea tendered three distinct matters of fact: (1) That Edmonds was not appointed by the council of appointment of the state of New York. (2) That he was not commissioned by the governor of the state as principal paymaster. (3) That he did not hold any such office as by the said bond or the condition was meant and intended. The replication only took issue on the third fact alleged in the plea, viz.: that at the time of executing said bond the said Edmonds did hold such office as in the said bond and condition was meant and intended. Under the fourth plea issue was taken, as a matter of fact, whether under the laws of the United States, or of the state of New York, there was any such office as in the condition of the bond is expressed or meant and intended. This was clearly a question of law, whether there was any such office. It would be matter of fact whether such office was filled by any person. Under the fifth plea issue was taken, as matter of fact, whether there was authority of law under and according to which the bond was taken. Here was, also, an issue joined upon a question of law, and to be tried as matter of fact. Under the sixth plea the issue was, whether at the time the bond was executed, there was any person authorized under the laws and constitution of the United States, to accept the delivery of the said bond on account of the United States. This was a question of law, but issue was taken upon it as matter of fact. The seventh plea alleged that there was no authority of law, either of the United States or state of New York, under which the bond was or could be taken. The replication to this plea took issue upon the allegation, whether there was authority of law to take such bond.

Upon the trial, the plaintiffs offered in evidence a transcript from the treasury department, which was objected to on two grounds: (1) That it purported to be a statement of an account between the United States and Samuel Edmonds, paymaster general and not principal paymaster, as described in the bond. (2) Because it did not contain the items of the account.

The defendants' counsel, under the shape of a motion for a nonsuit, made the following objections: (1) That the evidence produced did not support the breaches. (2) That it did not correspond with the bill of particulars delivered in the cause. (3) That the sureties were only liable for money received by Edmonds by virtue of the office of principal paymaster; and that there was no such office created or known in the law, and that the sureties, therefore, incurred no liability. These objections were overruled. A bill of particulars was introduced on the part of the defendant, which purported to be a statement of moneys received by Samuel Edmonds, as principal paymaster, and stating from whom received, and when received. The defendants then called Archibald Campbell, deputy secretary of state, and who swore that he had examined the minutes of the council of appointment, and found no entry of the appointment of Samuel Edmonds to the office of principal paymaster or paymaster-general. The counsel for the defendant then offered, in evidence, a letter from Peter Wagner, purporting to be an official letter, dated 26th April, 1825, addressed to Jacob Lansing, Esq., relative to the settlement of this account, and stating certain sums of money advanced to Edmonds by Charles B. Tallmadge, late assistant district paymaster, after 31st December, 1816. This was objected to and rejected by the court The counsel for the defendant prayed the court to allow and admit the matter so produced and given in evidence, on his part, to be conclusive, and to entitle him to a verdict; and that he should so instruct the jury, as to all or any one of the issues, as the proof would warrant.

The judge charged the jury, that the bond had been duly proved; that the transcripts from the treasury were admissible in evidence, although open to objections as to their sufficiency; that the bond admitted the appointment of Edmonds to the office or employment therein described; that the transcripts were not inadmissible, because they described Edmonds as paymaster-general, and stated balances only, and submitted it to the jury to decide whether the descriptions paymaster-general and principal paymaster were to be understood as meaning the same thing; that the variance between the bill of particulars and the accounts was not to be regarded by the jury; that, as to the issues joined on the special pleas, the questions involved in them were partly questions of law, and partly questions of fact; that, as to the questions of law, he had expressed his opinion in favor of the plaintiffs, and, so far as they involved questions of fact, the jury would be warranted, by the recitals in the bond, in finding against the defendant.

The jury found for the plaintiffs, and assessed the damages at $3,821.94.

THOMPSON, Circuit Justice. This case comes before the court on a writ of error to the Northern district of this state. A bill of exceptions was taken at the trial, and the argument here has been brought under considerations growing out of the pleadings, as well as the exceptions at the trial. The pleadings are extremely loose and inaccurate, and seem to have been more calculated to entangle the case in the net of form, than to have it tried upon its merits; and it would have been a discreet exercise of the powers of the court below to have corrected this by ordering a repleader. That, however, is beyond the reach of this court in the present stage of the cause; and I shall only notice the objections arising upon the bill of exceptions. The action is in debt on a bond, bearing date the 1st September, 1813, in the penalty of $20,000, with a condition reciting, that by general orders of the commander-in-chief of the state of New York, certain militia of the state of New York had been organized and ordered into the service of the United States; and that Samuel Edmonds had been duly assigned and appointed principal paymaster of all the militia of said state which had been or might be ordered into the service of the United States, conditioned that if the said Edmonds shall keep and render just and true accounts and vouchers of all his receipts and expenditures in said office, and account for, and deliver and pay over to some proper officer or department of the United States, all moneys and public property of the United States which may be in his custody, possession or control, and shall in all things honestly, faithfully and truly demean himself in the said office of principal paymaster, then the obligation to be void. Upon the trial, the plaintiffs produce in evidence a transcript from the treasury department, duly authenticated, stating the balance only of account between the United States and Samuel Edmonds, late paymaster-general of the New York militia.

Two objections were taken to the admission of this evidence: (1) That it did not purport to be an account against Samuel Edmonds, in his character or capacity as charged in the bond, and alleged in the declaration. (2) That it stated only the balance, and did not state the items. Although the exception, with respect to the form in which the account was presented, may be a mistake as to the capacity in which Edmonds stands charged at the treasury, and which probably might be explained, under proper averments in the declaration; yet, as the case stood upon the pleadings and evidence before the court, the transcripts did not correspond with the allegations in the declaration. In the bond and declaration, Edmonds is described as principal paymaster of the militia of the state of New York, which have been or may be ordered into the service of the state of New York; and the evidence was an account against him as paymaster-general of the New York

militia. The court could not, as matter of law, decide that these different descriptions applied to the same officer. In the account, he is not only described as paymaster-general, instead of principal paymaster, but he is called paymaster-general of the New York militia, which may include all the militia of New York; whereas, the bond is as principal paymaster of the militia of ·New York, which has been or may be ordered into the service of the United States. The latter capacity is more limited than the former; and it is in the more limited capacity that the sureties have bound themselves; and they have a right to confine their responsibility to their undertaking by their bond. Both Edmonds and his sureties may be estopped, by their bond, from denying that he acted in the character of principal paymaster of the militia of the state of New York, ordered into the service of the United States, and might be held accountable for money paid over to him, and to be disbursed in that character; but it must be shown that money was advanced to him in that character, in order to make his sureties responsible. The suggestion that there may be some mistake in the statement of the account from the treasury, is founded upon the circumstance that in the bill of particulars furnished under the order of the district judge, it purports to be a statement of moneys received by Samuel Edmonds, principal paymaster, corresponding with his character, as described in the bond; but the court cannot judicially know that Edmonds did not undertake to discharge duties also, under the character of paymaster-general of the militia of New York, and moneys received by him as such would not be covered by the bond. This supersedes the necessity of examining the other objections arising upon the bill of exceptions.

The judgment must be reversed without costs, and a venire de novo awarded, returnable in this court.

NOTE. In an action on a bond for the payment of a sum of money by instalments, it is not necessary to assign breaches in the declaration according to the requirement of the statute. Spaulding v. Millard, 17 Wend. 331. In declaring on a justice's judgment, rendered in this state, it is sufficient, besides stating the amount of the judgment, the time and place of its rendition, and the name of the magistrate, to allege that the judgment was rendered in a justice's court in a county of this state, in an action of which justices of the peace have civil jurisdiction. Stiles v. Stewart, 12 Wend. 473. In declaring on a justice's judgment of a sister state, the statute giving jurisdiction to the justice must be pleaded. Sheldon v. Hopkins, 7 Wend. 435. In a suit on a bond given by a deputy sheriff for the faithful performance of the duties of his office, the plaintiff must assign breaches. and cannot, without such assignment, take a verdict for even nominal damages. Barnard v. Darling, 11 Wend. 30. Where, in an action of debt, two several sums are demanded as due and owing in two separate counts, the declaration should, in the commencement, demand the aggregate amount, the first count should describe the sum demanded in it as parcel. &c., and the second count the sum demanded in it as the residue, &c. People v. Van Eps,

4 Wend. 387. The assignee of a lease, who enters upon and occupies the demised premises, is liable for the rent in like manner with the assignor. In declaring against him, he may be described as assignee in general terms; and the manner in which the assignment was made need not be set forth. But the assignee cannot be made answerable, by the action of debt, for the rent of any part of the premises demised, except that which has been possessed and enjoyed by himself; and the rent in such cases may be apportioned, the action being founded on the privity of estate merely, and not on the privity of contract. Norton v. Vultee, 1 Hall, 384. The plaintiffs demised certain premises, for a term of years, to one F. L. Vultee. The lessee. a short time before the expiration of the term, died, and the defendant (his widow) took out letters of administration upon his estate, and continued in possession of a part of the premises until the lease expired. An action of debt being brought against her for all the rent which was in arrear at the time of the expiration of the lease, it was held, that she was only liable in this action for the rent of such parts of the premises as had been occupied by her after her husband's death. ıd. By the second section of the act (1 Rev. Laws, 222), any person, losing at any game any sum above twenty-five dollars, and paying the same, may, at any time within three months, recover it back of the winner by an action of debt, founded on the act. As the remedy afforded to the loser is provided by statute, in pursuing that remedy the forms and limitations prescribed must be observed; and a general action of assumpsit will not lie. Id. Though the legal effects of altering, by consent of parties, the time limited to do an act, e. g. to make an award, in the condition of a bond, leaving the original date to stand, is to destroy the bond as a pre-existing one, and to give it effect only from the time of the alteration; yet the bond may be declared on as bearing its original date, with or without an averment that it was delivered afterwards. Tompkins v. Corwin, 9 Cow. 255. A bond for performing an award was dated the 19th of September, 1825, and conditioned that the award should be made, &c., on or before the 31st of December then next; and afterward the parties extended the time for the award twice by erasure and interlineations: and the last time to the 19th of January, 1826. Held, that the plaintiff might either declare on the bond simply, as both dated and made on the 19th of September, or as dated that day and made afterward. Id. Where the merits of the case are affected by the time when a deed becomes valid, the time of delivery should be stated and shown; for the delivery gives it effect as a deed; otherwise, where time is immaterial. Id. A contract may be set forth in pleading according to its legal effect, though this vary from the precise words. Id. A deed executed on a particular day may, in general, be pleaded as made on any other day. Id. The supreme court have often held that, in pleading time. the words "next," or "then next," may be considered as referring to the day of the month, and not to the month itself. Id. Precedent of a declaration in debt on a judgment in a justice's court. Smith v. Mumford, 9 Cow. 26. It is sufficient to say the party recovered so much (a sum within the justice's jurisdiction) for such a cause, (being a matter within his jurisdiction,) without setting forth any of the previous proceedings. Id. The declaration on a justice's judgment averred a recovery for a debt, and also ninety-three cents for the party's damages, as well by reason of detaining the debts as for his costs, &c. Proof of $50 debt, and ninety-three cents costs. Held, no variance. Id. The term used in the declaration imported costs only. Id. Form of declaration in debt against the sheriff for suffering an escape from execution, on a surrogate's decree for distribution. Dakin v. Hudson. 6 Cow. 221. Such a declaration must aver that the surrogate's court, which made the decree, granted the administration. Id. For, otherwise it

has no jurisdiction to decree distribution. Id. In a declaration against the sheriff, for suffering an escape from execution, it is not good cause of demurrer that the judgment appears to be against A. and his wife, and the execution against A. only; nor that the execution appears to have been endorsed with a direction to receive interest, when no interest runs on the judgment; nor that the judgment and execution appear to be in favor of D. and others, without saying what others. Id. Any or all of these defects in the proceedings are no excuse to the sheriff who suffers the escape. Id. Such a declaration must describe the record and proceedings correctly; and if, when produced on the trial, they do not correspond, the objection may then be made on the ground of variance. Id. Such a declaration set out, in the first count, a surrogate's decree, execution to the sheriff, and a voluntary escape. The second count set out a similar decree, execution, &c., and an involuntary escape. In setting out the decree, this second count said a certain other judgment or decree, but then dropped the word "other," and referred to the judgment, &c., by the word "said." It set forth the execution as issued on the last-mentioned judgment, &c., but afterward referred to this execution by the word "said." On general demurrer to the whole declaration, held well, and that there was no repugnancy · between the two counts. Id. In declaring on a bond, conditioned to pay a judgment in three months, or surrender the body of the defendant in execution, at the suit of the plaintiff, in thirty days thereafter, the taking out execution by the plaintiff within the thirty days is a condition precedent, and must be shown in the declaration. Whitney v. Spencer, 4 Cow. 39. In a declaration upon a bond, conditioned to pay the taxable costs of a suit, licet sæpius requisitus is good on general demurrer. Bacon v. Wilber, 1 Cow. 117. It is not necessary for the plaintiff, in declaring the debt on a recognizance of bail, to allege that a fi. fa. had been issued against the principal previous to the return of the ca. sa. Gillespie v. White, 16 Johns. 117. A declaration on a bond conditioned for the performance of covenants, commencing in debt, after setting forth the condition, and assigning breaches, and concluding in covenant, and demanding damages, is good, it seems, on special demurrer. Gale v. O'Brian, 13 Johns. 189. It is certainly good on general demurrer. Id. Same case, 12 Johns. 216. A breach of the condition of a bond "to free the land from all legal incumbrances, either by deed or mortgage, now in existence, and binding on the premises by the 20th of February," is not well assigned by following and negativing the words of the condition, as such assignment does not necessarily amount to a breach, and the plaintiff ought to have shown some existing incumbrance on the 20th of February, or at the commencement of the suit. Julliand v. Burgott, 11 Johns. 6. If, in a declaration on a bond conditioned to pay several sums of money, at several days, the plaintiff assigns two several breaches for the non-payment of two several sums, it will be bad on special demurrer, for duplicity. Taft v. Brewster, 9 Johns. 334.